**The CLOROX COMPANY, Petitioner,**

v.

**The UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF CALIFORNIA, Respondent,**

**Carol Stower, Real Party.**

**No. 83–7815.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 1984.

Resubmitted Oct. 29, 1984.

Decided Dec. 26, 1985.

Robert Fries, Steinhart & Falconer, San Francisco, Cal., for petitioner.

Stephen L. Roycraft, Barfield, Barfield, Dryden & Ruane, San Francisco, Cal., for respondent.

Before: SKOPIL, NORRIS, and HALL,[*] Circuit Judges.

SKOPIL, Circuit Judge:

Clorox Company ("Clorox") petitions for a writ of mandamus requiring the district court to vacate its order remanding this action to the state court from which it was removed. The previous opinion of this court, reported at 756 F.2d 699 (9th Cir. 1985), denying the petition for a writ of mandamus is hereby withdrawn and replaced by this opinion. We grant Clorox's petition for rehearing but find it unnecessary to hold a second round of oral argument. On the limited facts of this case, we construe the petition for a writ of mandamus as a notice of appeal and reverse the district court.

## FACTS AND PROCEEDINGS BELOW

Carol Stower, a participant in Clorox's employee welfare benefit plan, filed the underlying action against Clorox in Alameda County (California) Superior Court. Stower's complaint asserted several claims: loss of salary and benefits due to wrongful termination, misrepresentation of intent to pay disability benefits, negligent administration of Clorox's employee benefit plan, and malicious conduct in terminating her employment and benefits. Clorox removed the action to federal court under 28 U.S.C. §§ 1331 and 1441(a). Clorox predicated its removal on the existence of a federal question under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1381 (1982).

Thereafter, Stower moved the district court to remand the action to state court on the following grounds: (1) her complaint asserted only state claims and made no claims under ERISA; (2) Clorox could not remove the action to federal court because

ERISA provides concurrent jurisdiction; and (3) Clorox expressly waived its right to removal by stating in its employee handbook that suits may be filed in state or federal court.

The district court granted Stower's motion to remand, finding that statements made in an employee handbook estopped Clorox from asserting its right to removal. Clorox sought mandamus relief in this court to prevent the district court from remanding this case to state court. Stower opposed the grant of mandamus relief, contending that (1) this court lacks jurisdiction to review the district court's order; (2) Clorox waived its right to removal by a statement in its employee handbook; and (3) there is no federal question jurisdiction because Stower's claims arise under state law, not ERISA.

We conclude that because the district court's order is appealable under 28 U.S.C. § 1291, extraordinary review by mandamus is not available. Nonetheless, for the reasons stated hereinafter, we construe the writ of mandamus as a notice of appeal and reverse the district court.

## DISCUSSION

Mandamus is an extraordinary remedy and one that will be employed only in extreme situations. *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976); *Sacramento Bee v. United States District Court*, 656 F.2d 477, 480–81 (9th Cir.1981), *cert. denied*, 456 U.S. 983, 102 S.Ct. 2257, 72 L.Ed.2d 861 (1982). Extraordinary review by mandamus is not available when the same review may be obtained through contemporaneous ordinary appeal. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 8 n. 6, 103 S.Ct. 927, 933 n. 6, 74 L.Ed.2d 765 (1983); *Silberkleit v. Kantrowitz*, 713 F.2d 433, 434–35 n. 1 (9th Cir.1983). We must determine, therefore, whether the district

[*] The Honorable Cynthia Holcomb Hall was drawn to replace Judge East after his untimely death.

court's remand order in this case is reviewable by direct appeal.

28 U.S.C. § 1447(c) provides in part that:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

The following section, § 1447(d), generally forbids review of a remand order:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, ...

■ This court has recently redefined the scope of the non-reviewability rule of section 1447(d) to bar review of only those remand orders which are based on a lack of jurisdiction. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 276–77 (9th Cir.1984) (Section 1447(d) does not bar a direct appeal where remand is based upon application of a forum selection clause.) When a district court's remand order is based on a resolution of the merits of some matter of substantive law "apart from any jurisdictional decision," section 1447(d) does not foreclose appellate review of that decision. *Id.* at 276.

The remand order in this case provides little guidance as to the reason for remand. While the remand order does describe Stower's motion as being "pursuant to 28 U.S.C. § 1447(c)," it does not purport to remand the case on any of the grounds specified in section 1447(c). In fact, the order gives no reason for the remand.

■ Looking beyond the language of the remand order to all the surrounding circumstances, we think that the remand of this case was based on "a substantive decision on the merits apart from any jurisdictional decision." *Pelleport*, 741 F.2d at 276. A review of the transcripts indicates that the district court's decision to remand was based on its belief that Clorox had waived the right to remove by informing employees in its employee handbook that suits to recover benefits under its plan could be filed in state or federal court.

Remand for waiver of a right to remove is not within the ambit of section 1447(c) which allows remand if removal was "improvidently" granted or if the district court is "without jurisdiction." Rather, here, as in *Pelleport*, remand was based on a substantive decision on the merits apart from any jurisdictional decision. As in *Pelleport*, the remand order in this case is appealable under 28 U.S.C. § 1291. *Pelleport*, 741 F.2d at 276–78.

■ Denying Clorox's petition for a writ of mandamus when Clorox could have filed a direct appeal on the authority of *Pelleport* is a harsh result, however, since the time for filing a notice of appeal has long since expired. When Clorox filed its petition, it was not unreasonable for petitioner to believe that the district court's remand order was reviewable only by mandamus, not by direct appeal. Only after *Pelleport* was it clear that a remand order may be reviewed by direct appeal. Since *Pelleport* arguably was an unforeseeable change in the law of the circuit and since the time for Clorox's filing a direct appeal had passed by the time *Pelleport* was decided, it would work a manifest injustice to preclude any review of the merits of Clorox's petition.

There is no question that the petition for a writ of mandamus accomplished the same objectives as the notice of appeal, that is, to notify the court and the opposing party of further appellate proceedings. While as a general rule it is unwise to blur the distinction between mandamus and appeal procedures by allowing one to substitute for the other, on the limited facts of this case, we believe such a course is both prudent and wise. See *Diamond v. United States District Court*, 661 F.2d 1198 (9th Cir.1981) (dicta suggesting that considerations of fairness would allow a court to construe a mandamus petition as a notice of appeal); *In re Roberts Farms, Inc.*, 652 F.2d 793, 795 (9th Cir.1981) (ordering a mandamus petition to be treated as a notice of appeal).

■ We next turn to the issue of whether the district court erred in remanding this case to state court. We conclude that remand of this case was indeed an error.

The district court's decision to remand apparently was based on the belief that Clorox had waived the right to remove by informing employees in its employee handbook that suits to recover benefits under its plan could be filed in state or federal court.

While it is possible to waive the right to remove from state court, *see Perini Corp. v. Orion Insurance Co.*, 331 F.Supp. 453, 454 (E.D.Cal.1971), the language of the employee handbook relied on by the district court is insufficient to support a finding of waiver. ERISA requires employers to give employees summary descriptions of plan benefits, including "remedies available under the plan for the redress of claims which are denied in whole or in part." 29 U.S.C. § 1022(b). 29 C.F.R. § 2520 (1984) sets forth the "General Reporting and Disclosure Requirements" and specifies the information which must be included in an employee benefit handbook like the one Clorox gave to Stower. These benefit handbooks, which must be distributed to all employees, are deemed to comply with federal law if they contain, *inter alia*, the following language: "If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court." 29 C.F.R. § 2520.102–3(t)(2). This language is quoted verbatim in Clorox's employee handbook. Since Clorox was required to include this or similar language in its employee handbook, its statement that employees could bring an action in state or federal court should not be deemed to constitute a waiver of any removal right.

■ 28 U.S.C. § 1441(a) provides that any civil action of which district courts have original jurisdiction may be removed unless a statute expressly provides otherwise. ERISA contains no express provision against removal. There is also no indication in ERISA's legislative history that Congress intended to prevent removal of employee actions filed in state courts. *See, e.g.*, S.Rep. No. 383, 93rd Cong., 1st Sess. (1973) *reprinted in* Subcommittee on Labor, 94th Cong., 2d Sess., Legislative History of the Employee Retirement Income Security Act of 1974, at 1174 (1976).

Application of the district court's reasoning concerning the language in Clorox's employee handbook would result in the remand of virtually all ERISA cases removed from state court because every employer covered by ERISA is required to make a statement similar to the one contained in Clorox's employee handbook. The district court's remand on a theory of waiver was therefore erroneous.

■ Stower did not refer to ERISA in her complaint and she contends that remand was proper because she asserted only state claims. Stower's complaint includes, however, a claim that Clorox wrongfully and maliciously denied her employment benefits. ERISA creates a federal cause of action, with concurrent state and federal jurisdiction, over claims by an employee "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1). We have held that ERISA preempts state claims involving improper handling of claims for employee benefits. *See Russell v. Massachusetts Mutual Life Insurance Co.*, 722 F.2d 482, 487–88 (9th Cir.1983), *rev'd on other grounds*, —— U.S. ——, 105 S.Ct. 3085, 3088 n. 4, 87 L.Ed.2d 96 (1985) ("respondent did not file a cross-petition and therefore has not questioned the court of appeals' holding that her state law causes of action are preempted by ERISA"), vacated 778 F.2d 542 (9th Cir.1985). Under these circumstances, the "artful pleading" doctrine prevents Stower from avoiding federal jurisdiction. Therefore, removal of the "denial of benefits" claim was proper. *See Aragon v. Federated Dept. Stores, Inc.*, 750 F.2d 1447, 1456 (9th Cir.1985). The district court may exercise pendent jurisdiction over Stower's state claim for wrongful discharge and malicious termination of employment.

■ Stower also sought relief from Clorox's alleged negligent management of its employee benefit plan. Federal district courts have exclusive jurisdiction over such claims pursuant to 29 U.S.C. § 1132(e). Accordingly, the state court could not have decided this claim in the absence of remov-

al. Under the derivative jurisdiction doctrine, if the state court lacked subject matter jurisdiction over Stower's negligent management claim, the district court also lacked jurisdiction over the claim upon removal. *See, e.g., Dyer v. Greif Brothers, Inc.,* 766 F.2d 398, 399–400 (9th Cir.1985); *Schroeder v. Trans World Airlines,* 702 F.2d 189 (9th Cir.1983); *Valenzuela v. Kraft,* 739 F.2d 434 (9th Cir.1984). Once the district court discovers that the state court had no jurisdiction over a claim, rather than engage in a fruitless remand to a state court that lacks independent subject matter jurisdiction, it should dismiss the claim without prejudice to a motion for leave to amend the complaint to add the dismissed claim. *See Franchise Tax Board v. Construction Laborers' Vacation Trust,* 463 U.S. 1, 24 n. 27, 103 S.Ct. 2841, 2854 n. 27, 77 L.Ed.2d 420 (1983); *Schroeder,* 702 F.2d at 192; *see also Freeman v. Bee Machine Co.,* 319 U.S. 448, 451, 63 S.Ct. 1146, 1147, 87 L.Ed. 1509 (1943) (jurisdiction by removal does not deprive the federal court of power to permit amendments to the complaint adding exclusively federal claims). Stower's claim for negligent administration of the Benefits Fund must therefore be dismissed without prejudice.

**REVERSED** and **REMANDED.**