857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
STATE OF WEST VIRGINIA; Arch A. Moore, Jr., Governor,
Plaintiffs-Appellees,
v.
ANCHOR HOCKING CORPORATION, a Foreign Corporation; Newell
Company, a Foreign Corporation, Defendants-Appellants.
STATE OF WEST VIRGINIA; Arch A. Moore, Jr., Governor,
Plaintiffs-Appellees,
v.
ANCHOR HOCKING CORPORATION, a Foreign Corporation; Newell
Company, a Foreign Corporation, Defendants-Appellants.
In re ANCHOR HOCKING CORPORATION, a Foreign Corporation, Petitioner.
 Nos. 88-3921, 88-3956 and 88-3959.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 13, 1988.
Decided: Aug. 3, 1988.
 
 James Bradley Russell, Benjamin Lee Bailey; (Office of the Attorney General of West Virginia, on brief), for appellees.
 David Dale Johnson, Jr.; (Jackson & Kelly); Ronald Wilder; 9Schiff, Hardin & Waite, on brief), for appellants.
 Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Anchor Hocking Corporation and Newell Company appeal a district court order remanding this action to state court. The district court determined that the action "was removed improvidently and without jurisdiction." Because 28 U.S.C. Sec. 1447(d) (1982) provides that "[a]n order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise," we decline review.
 
 
 2
 Appellants argue that the district court in ordering remand made certain substantive findings on the merits that affect the rights of the parties and that we should follow the Ninth Circuit decisions in Pelleport Investors, Inc. v. Budco Quality Theaters, Inc., 741 F.2d 273 (9th Cir.1984) and Clorox Co. v. United States District Court, 779 F.2d 517 (9th Cir.1985). In Clorox and Pelleport the court held that Congress did not intend to insulate substantive determinations from appellate review. Any findings in the present case relate to the questions of removal and remand and we conclude that they are not reviewable under the clear mandate of Sec. 1447(d).
 
 
 3
 The filing of a counterclaim by appellants prior to remand does not change the circumstances so as to allow review of the order of remand.
 
 
 4
 We deny the request for sanctions.
 
 
 5
 DISMISSED.