FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, as Conservator for Columbus Savings & Loan Association, et al., Plaintiffs–Appellants,

v.

FRUMENTI DEVELOPMENT CORPORATION, a California corporation, et al., Defendants–Appellees.

FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, as Conservator for Columbus Savings & Loan Association, et al., Petitioners,

v.

UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF CALIFORNIA, Respondent,

and

Frumenti Development Corporation, a California corporation, et al., Real Parties in Interest.

FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, as Conservator for Columbus Savings & Loan Association, et al., Plaintiffs–Petitioners,

v.

FRUMENTI DEVELOPMENT CORPORATION, a California corporation, et al., Defendants–Respondents.

Nos. 88–1682, 88–7066 and 88–8024.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 19, 1988.

Decided Sept. 20, 1988.

---

Richard Urdan, David F. Gross, Louise S. Simpson, Donald P. Margolis, Graham & James, San Francisco, Cal., Mark Gabrellian, Federal Home Loan Bank Bd., Washington, D.C., for plaintiffs-appellants/petitioners.

Jane A. Zack, Thomas J. Brandi, Bianco, Brandi & Jones, San Francisco, Cal., for defendants-appellees/respondents.

Before GOODWIN, Chief Judge, SCHROEDER and PREGERSON, Circuit Judges.

SCHROEDER, Circuit Judge:

These three matters represent different attempts by the Federal Savings and Loan Insurance Corporation (FSLIC) to obtain review of a single district court order remanding a removed case to state court. The district court held that it lacked subject matter jurisdiction. FSLIC had removed the case to federal court from state court pursuant to the general grant of federal subject matter jurisdiction in any case in which FSLIC is a party. 12 U.S.C. § 1730(k)(1).[1] The district court held, how-

---

1. 12 U.S.C. § 1730(k)(1) provides:

Notwithstanding any other provision of law, (A) the [FSLIC] shall be deemed to be an

ever, that the proviso to that jurisdictional grant applied to defeat federal jurisdiction in this case. *See Federal Sav. & Loan Ins. Corp. v. Frumenti Development Corp.,* 676 F.Supp. 957 (N.D.Cal.1988).

The district court's decision to remand on the basis of lack of federal question jurisdiction conflicts with this court's decision in *Fidelity Financial Corp. v. Federal Sav. & Loan Ins. Corp.,* 834 F.2d 741, 744–45 (9th Cir.1987). The district court chose instead to follow the decision of the Seventh Circuit in *Federal Sav. & Loan Ins. Corp. v. Ticktin,* 832 F.2d 1438 (7th Cir.1987), *petition for cert. filed,* 56 U.S.L.W. 1438 (May 12, 1988) (No. 87–1865).

The threshold and dispositive issue before us, however, is whether we can review the district court's remand in view of 28 U.S.C. § 1447(d)'s bar to appellate review of remand orders. We reluctantly hold that our review is precluded. Our decision is consistent with the Tenth Circuit's decision in *Federal Deposit Ins. Corp. v. Alley,* 820 F.2d 1121 (10th Cir.1987); it is inconsistent with the Eleventh Circuit's decision in *In re Federal Sav. & Loan Ins. Corp.,* 837 F.2d 432, 436 (11th Cir.1988). We conclude that our result is compelled by the decision of the United States Supreme Court in *United States v. Rice,* 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946). The Court there held that the statutory predecessor to section 1447(d) prevented review of a remand order. The Court so held even though the removal in that case, as in this case, was pursuant to a special statute creating federal subject matter jurisdiction and granting a right to remove a case from state court where federal interests were implicated.

BACKGROUND

Columbus Savings and Loan Association, a state-chartered institution, and its wholly-owned subsidiary, TAM Financial Corp. (collectively Columbus), entered into a joint venture agreement with Frumenti Development Corp. and Peter J. Frumenti, Sr. The object of the venture was the construction of an apartment complex. Columbus was to obtain the land for the project, and Frumenti was to perform construction and development. Frumenti subsequently ceased performing under the contract. In January, 1986 Columbus sued Frumenti in California Superior Court seeking relief under eight state law theories, including fraud and breach of contract.

In April, 1986 the Federal Home Loan Bank Board determined that Columbus was insolvent and appointed FSLIC as conservator. FSLIC took over Columbus' suit against Frumenti and, in May 1986 removed the action to the United States District Court for the Northern District of California pursuant to 12 U.S.C. § 1730(k)(1). In August, 1987 Frumenti moved to remand the case to state court. In January, 1988 the district court ordered the case remanded after determining that the proviso of section 1730(k)(1) applied to defeat federal jurisdiction. *See Frumenti Development Corp.,* 676 F.Supp. 957 (N.D. Cal.1988). Unhappy and uncertain as to how to obtain our review of the remand order, FSLIC obtained a certification from the district court pursuant to 28 U.S.C. § 1292(b) and filed a petition for interlocu-

agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which the [FSLIC] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the [FSLIC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided,* That any action, suit, or proceeding to which the [FSLIC] is a

party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States.

By providing that "the corporation" may remove any case in which it is a party, Congress obviated 28 U.S.C. § 1441's limitation of the right of removal to defendants and granted FSLIC the right, as plaintiff, to remove. *See In re Franklin Nat'l Bank Sec. Litig.,* 532 F.2d 842 (2d Cir.1976) (construing parallel provisions granting Federal Deposit Insurance Corp. right to remove in 12 U.S.C. § 1819).

tory appeal (No. 88–8024). Covering all of its appellate jurisdictional bases, FSLIC also filed a mandamus petition (No. 88–7066) and an appeal pursuant to 28 U.S.C. § 1291 (No. 88–1682).

DISCUSSION

In 12 U.S.C. § 1730(k)(1) Congress provided FSLIC with broad access to the federal courts for conducting litigation. Subpart A of the section makes FSLIC an agency of the federal government, thus allowing FSLIC to commence any action in federal court by virtue of 28 U.S.C. § 1345. *See Federal Sav. & Loan Ins. Corp. v. Israel,* 686 F.Supp. 819 (C.D.Cal.1988). Subpart B provides that any action involving FSLIC is deemed to arise under federal law, while subpart C grants FSLIC a right to remove from state court to federal court any action in which it is a party. This broad grant of access to federal courts is limited only by a proviso that, as discussed below, was intended to apply only in very narrow circumstances.

At the time of the passage of section 1730(k)(1), FSLIC could be appointed as legal custodian for an insured state-chartered savings and loan association only by an appropriate state authority, and FSLIC was subject to regulation only by the appointing or supervising state authority. 12 U.S.C. § 1729(c) and (d) (1958). Section 1730(k)(1), while providing FSLIC broad access to a federal forum, also accommodated the state's paramount interest in the orderly liquidation of one of its chartered institutions. It did so by divesting the district courts of jurisdiction in proceedings involving *only* the adjustments of mutual rights and obligations arising *solely* under state law between the state-chartered institution and its investors, creditors and stockholders. This court has previously applied section 1730(k)(1)'s proviso in such circum-

stances. *See Hancock Financial Corp. v. Federal Sav. & Loan Ins. Corp.,* 492 F.2d 1325 (9th Cir.1974).

■ The jurisdiction-limiting proviso does not describe the type of action involved here, which involves third party debtors of the institution and FSLIC as a federally appointed legal custodian of the state-chartered institution. In this situation there is a compelling federal interest, namely FSLIC's duty to maintain the integrity of its insurance fund in order to prevent the federal treasury from having to shoulder the burden of an inadequate fund. This is an interest which we believe Congress recognized in section 1730(k)(1).[2] We held in *Fidelity Financial Corp. v. Federal Sav. & Loan Ins. Corp.,* 834 F.2d 741, 744–45 (9th Cir.1987), that the proviso means federal jurisdiction is lacking only if (1) FSLIC is acting solely as a conservator or receiver for a state-chartered institution in the case; (2) the case involves only the rights of the institution, and its investors, creditors, and stockholders; and (3) the rights involved arise only under state law. Where, as here, the case does not involve only the rights and liabilities of the institution and its investors, creditors, and stockholders, and where the Federal Home Loan Bank Board has federalized the action by appointing FSLIC as receiver, federal question jurisdiction is not defeated. The first and third conditions specified above are lacking. Since we were reviewing a district court refusal to remand in *Fidelity Financial,* no statutory bar to review of remands was involved and no question of our jurisdiction was presented. Since this appeal involves a district court order remanding a case, the jurisdictional question is before us.

**2.** This interest was recognized not only by the plain language of section 1730(k)(1) itself, but also by the amendment of section 1729(c) to provide the Federal Home Loan Bank Board with authority to appoint FSLIC as a receiver for an insured state-chartered institution, subject only to regulation and supervision by the Board, in certain situations where state supervision will not adequately protect federal interests. *See* 12 U.S.C. § 1729(c)(2); S.Rep. No.

1263, 90th Cong. 2d Sess. 6–9 (1968), *reprinted in* 1968 U.S.Code Cong. & Admin.News 2530, 2535–38; *see also* S.Rep. No. 1482, 89th Cong.2d Sess. 6 (1966), *reprinted in* 1966 U.S.Code Cong. & Admin. News 3532, 3538 (legislative history of amendment of section 1730 to provide FSLIC more flexible procedures to quickly remove incompetent or dishonest directors of insured, non-federal institution to minimize loss).

■ 28 U.S.C. § 1447 prescribes procedures in the district court after a case is removed from state court. Section 1447(c) requires a district court to remand a removed case to state court "[i]f at any time before judgment it appears that the case was removed improvidently and without jurisdiction." A district court's order remanding a removed case to state court on grounds specified in section 1447(c) "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); *see Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam).

Pointing out that the review preclusion of section 1447(d) applies only to remand orders made pursuant to 28 U.S.C. § 1447(c), FSLIC contends that section 1447(c) does not apply to cases removed pursuant to 12 U.S.C. § 1730(k)(1). FSLIC argues that section 1447(c)'s remand provision encompasses only cases removed under the general authority of 28 U.S.C. § 1441. Thus, FSLIC argues that the review preclusion in section 1447(d) does not bar review of this remand order.

The Eleventh Circuit adopted this analysis in *In re Federal Sav. & Loan Ins. Corp.*, 837 F.2d 432, 436 (11th Cir.1988). Our difficulty with this argument, and with the Eleventh Circuit's decision, is with the premise that the remand provision of section 1447(c) applies only to cases removed pursuant to 28 U.S.C. § 1441, and not to cases removed pursuant to statutes with special grants of federal jurisdiction and removal rights such as section 1730(k)(1). While we believe this premise is a plausible and indeed a reasonable construction of the language of the statutes themselves, the Supreme Court has held otherwise.

In *United States v. Rice*, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946), the Supreme Court applied the predecessor of section 1447(d) to preclude review of a remand order, even though the case was removed pursuant to a special removal statute providing federal jurisdiction when federally restricted land interests of an Indian were involved.[3] The Supreme Court held "these provisions [governing removal procedure and remands] were intended to be applicable not only to remand orders made in the suits removed under [the general removal statutes], but to orders of remand made in cases removed under any other statutes, as well." *Id.* at 752, 66 S.Ct. at 839.[4]

The Eleventh Circuit's decision in *In re FSLIC* did not discuss the *Rice* decision. We believe *In re FSLIC* conflicts with *Rice*.[5]

In attempting to deal with *Rice*, FSLIC asks us to limit its holding to its facts. It contends in its brief that *Rice* involved only

---

**3.** The removal statute involved was the Act of April 12, 1926, ch. 115 § 3, 44 Stat. 239, which allowed the United States to intervene in and remove certain state court cases involving the Five Civilized Tribes of Oklahoma.

**4.** The remand statute interpreted in *Rice* was 28 U.S.C. § 71 (1946). It granted a general right of removal and also contained procedural provisions that provided for remand of cases improperly removed, and barred review of such remand orders. Thus, section 71 was the predecessor of 28 U.S.C. §§ 1441(a) and (b), and 1447(c) and (d). 28 U.S.C. § 80 (1946) required the district court to either dismiss or remand a case for lack of jurisdiction, and was the predecessor of current 28 U.S.C. § 1447(c). The 1948 recodification was not intended to change the prior substantive law of removals and remands. *See Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 350 n. 15, 96 S.Ct. 584, 592–93, 46 L.Ed.2d 542 (1976).

**5.** The Eleventh Circuit's holding in *In re FSLIC* appears to be based on the Third Circuit's decision in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.1984). In *Pacor*, the court held only that the procedural provisions of the removal statutes did not apply to cases removed to the bankruptcy court pursuant to former 28 U.S.C. § 1478 (amended and now codified as 28 U.S.C. § 1452). The bases for that decision were that under the old bankruptcy law, bankruptcy courts were discrete entities separate from district courts; section 1478 provided for removal to the bankruptcy court, rather than to the district court; and section 1478 allowed for removal from both state and federal courts. *Pacor*, 743 F.2d at 991–92. By contrast, sections 1446 and 1447 deal only with removals from state court to a district court. Thus, unlike this case, *Pacor* can be distinguished from *Rice*. In our view, the Eleventh Circuit's error lies in reading the narrow holding of *Pacor* together with that case's unexceptional statement that section 1447 applies to section 1441 removals. *See id.* at 991. The Eleventh Circuit's reliance on *Pacor* puts more weight on that decision than it will bear.

the narrow issue of "whether a federal court of appeals, by mandamus, may 're-view the judgment of the District Court for Eastern Oklahoma ordering the remand of a proceeding to ... Oklahoma [state court], from which it had been previously removed to the District Court pursuant to Section 3 of the Act of April 12, 1926.'" *Rice's* holding, however, was expressly based on the Court's interpretation of the review preclusion provision in 28 U.S.C. § 71, the predecessor of section 1447(d). Nothing in *Rice* suggests that its holding was based solely on the peculiarities of the Act of 1926.

FSLIC also contends that the broad holding of *Rice* has been narrowed by the subsequent Supreme Court decision in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). *Thermtron* creates an exception to section 1447(d)'s general review preclusion only for remand orders that are not based on jurisdictional grounds. The remand in this case was expressly based on jurisdictional grounds. Thus, *Thermtron* is of no avail.

Next, FSLIC argues that because Congress overruled *Rice* with respect to reviewability of remand orders in Act of 1926 cases,[6] Congress has overruled *Rice's* holding that the bar to review provision of the removal statutes applies in all other contexts. Congress' amendment of the Act of 1926 undoubtedly evidenced some displeasure with *Rice*. It may well be that the only reason Congress considered an amendment of the Act of 1926 rather than of Title 28 is that the Department of the Interior was the only federal agency that registered concern with Congress about *Rice's* effect. *See* S.Rep. No. 543, 80th Cong. 1st Sess. 5 (1947); H.R. 740, 80th Cong. 1st Sess. 5 (1947) (letter of Under Secretary of the Interior Oscar L. Chapman). However, the fact is that Congress amended only the Act of 1926, and not Title 28. We can read from the mere amendment of the Act of 1926 neither an intent to amend Title 28 nor a congressional overruling of the Su-

preme Court's holding on the broad reach of Title 28's bar to remand review.

FSLIC finally contends that despite the broad review preclusion of section 1447(d) we may nonetheless review the remand order in this case under the exception delineated by *Clorox Co. v. United States District Court*, 779 F.2d 517, 519–20 (9th Cir. 1985), and *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 276–77 (9th Cir.1984). Under what has become known as the *Clorox/Pelleport* doctrine, a district court remand order is reviewable if based on a prior determination of a substantive issue of law apart from any jurisdictional issue. *See Clorox*, 779 F.2d at 520. In *Clorox*, the district court's determination that Clorox had waived its right to remove a state court ERISA action was reviewable. *Id.* In *Pelleport*, the district court's determination that a forum selection clause in the contract under dispute precluded litigation in federal court was reviewable. *Pelleport*, 741 F.2d at 276–77. In both cases, the district court's remand orders were based solely on determinations of substantive law, and not on an explicit or implicit determination of federal subject matter jurisdiction. The remand orders were not based on a lack of subject matter jurisdiction. *Clorox*, 779 F.2d at 520; *Pelleport*, 741 F.2d at 276. The difficulty with applying the *Clorox/Pelleport* doctrine to this case is that the district court's analysis was clearly jurisdictional in nature. It was in no way similar to the district courts' analyses in *Clorox* or *Pelleport*.

We are sympathetic to FSLIC's concern that the result we reach appears inconsistent with Congress' intent to confer federal jurisdiction in cases implicating the federal interests of FSLIC. Similar concerns were raised in Justice Douglas' dissent in *Rice*. However, we remain bound by the majority opinion in that case, and by the absence of a congressional act creating an applicable exception to section 1447(d). Congress and the Supreme Court may be in a position to respond to FSLIC's concerns; we are not.

---

6. *See* Act of Aug. 4, 1947, Pub.L. No. 80–336, § 3, 61 Stat. 731, 732 (1947).

The petition for permission to appeal in No. 88–8024 is denied; the petition for a writ of mandamus in No. 88–7066 is denied; and the appeal in No. 88–1682 is dismissed.