940 F.2d 550
 FERRARI, ALVAREZ, OLSEN & OTTOBONI, a California
professional corporation; Edward M. Alvarez, an
individual,
Plaintiffs-counter-defendants-Appellees,
v.
The HOME INSURANCE COMPANY, a New Hampshire corporation,
Defendant-counter-claimant-Appellant.
FERRARI, ALVAREZ, OLSEN & OTTOBONI, a California
professional corporation; Edward M. Alvarez, an
individual,
Plaintiffs-counter-defendants-Appellants,
v.
The HOME INSURANCE COMPANY, a New Hampshire corporation,
Defendant-counter-claimant-Appellees.
 Nos. 89-16299, 89-16397.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 14, 1991.
Decided Aug. 8, 1991.
 
 Kevin M. Fong, Pillsbury, Madison & Sutro, San Jose, Cal., for plaintiffs-counter-defendants-appellees-appellants.
 Walter T. Johnson, Lillick & Charles, San Francisco, Cal., for defendant-counter-claimant-appellant-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before SCHROEDER, CANBY, and NOONAN, Circuit Judges.
 CANBY, Circuit Judge:
 
 
 1
 Home Insurance Company appeals the district court order remanding this case to the state court from which it was removed. The law firm of Ferrari, Alvarez, Olsen & Ottoboni, and a member of the firm, Edward Alvarez, (collectively "the Law Firm" or "plaintiffs"), cross-appeal the district court's ruling denying their request for costs and fees pursuant to 28 U.S.C. Sec. 1447(c). The central issue on appeal is whether the Law Firm and Home Insurance orally agreed to litigate bad-faith claims in state court. We reverse on Home Insurance's appeal and affirm on the Law Firm's cross-appeal.
 
 BACKGROUND
 
 2
 The Home Insurance Company was the professional liability carrier for the Law Firm from January 20, 1984, to January 20, 1986. During the period of coverage, the Law Firm was sued by Hayden Leason for losses incurred in an investment. The suit against the firm included claims of fraud, conspiracy, negligence, and RICO violations. Home Insurance defended the Law Firm, subject to a written reservation of rights. Home Insurance hired independent counsel to represent the Law Firm and Alvarez.
 
 
 3
 Prior to trial, the independent counsel advised Home Insurance that the Leason action was defensible. As trial commenced, however, the counsel informed Home Insurance that there were serious liability problems and advised it to settle the case. A series of settlement conferences took place from February 6, 1989, the date trial commenced, to February 13, the date on which Leason accepted the settlement offer. On February 10, Home Insurance and the Law Firm orally agreed to pay various amounts to Leason to settle the action. They also agreed to resolve the liability as between Home Insurance and the Law Firm, for the settlement payment in a state court declaratory relief action to be filed in Santa Clara Superior Court. This agreement is the subject of the present appeal. Although Leason did not accept the settlement offer of February 10, Home Insurance and the Law Firm agreed that their oral agreement to repair to state court to resolve liability for any moneys paid in settlement remained intact.
 
 
 4
 A settlement was reached on February 13, 1989, after Home Insurance and the Law Firm increased the amount of the settlement offer. The Law Firm and Home Insurance presented the confidential settlement agreement to the court. The parties explained that they had agreed to resolve liability for the settlement payment in a declaratory relief action to be filed in state court. The court accepted the agreement and ordered the agreement sealed.
 
 
 5
 On March 17, 1989, the Law Firm brought an action in Santa Clara Superior Court, California, against the Home Insurance Company. The plaintiffs' amended complaint contained eight causes of action alleging breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, negligent misrepresentation, negligence, and bad-faith denial of the existence of a contract.
 
 
 6
 On April 14, 1989, Home Insurance filed a notice of removal in the Federal District Court for the Northern District of California. Home Insurance asserted that, although it had agreed to litigate a declaratory relief action in Santa Clara Superior Court, it had not agreed to litigate bad-faith claims in the state court.
 
 
 7
 In response, the plaintiffs filed a motion to remand the case to state court on the ground that the oral venue agreement included any and all disputes arising out of the Leason settlement, including an action for bad faith. The parties submitted declarations in support of their positions. The attorneys representing Home Insurance declared that the parties never discussed the possibility of a bad-faith action and that therefore Home Insurance had agreed only to litigate an action for declaratory relief in state court. Home Insurance also offered the transcript of the settlement proceedings in the Leason action. According to Home Insurance, the transcripts support its position because each of the attorneys present described the contemplated action as an action for declaratory relief. The Law Firm's attorneys submitted declarations stating that the parties had frequently discussed bad-faith claims during the settlement negotiations. According to these attorneys, Home Insurance expressly agreed that the declaratory relief action would include bad-faith claims.
 
 
 8
 On August 25, 1989, the district court granted the motion to remand and denied the plaintiffs' motion to award costs.
 
 ANALYSIS
 1. Jurisdiction
 
 9
 The Law Firm argues that the remand order is not reviewable because the district court remanded the case on the ground that Home Insurance waived the right to remove by seeking relief in the state court. The Law Firm cites Schmitt v. Insurance Co. of North America, 845 F.2d 1546 (9th Cir.1988), in support. In Schmitt, we characterized a district court order remanding on this basis as a remand order issued pursuant to 28 U.S.C. Sec. 1447(c) and therefore unreviewable on appeal.[1] If the plaintiffs' characterization of the remand order were correct, we would agree that, under Schmitt, the order is not reviewable. However, we conclude that the plaintiffs have incorrectly identified the basis of the court's decision.
 
 
 10
 We determine the basis of authority for remand by examining the substance of the remand order. Schmitt, 845 F.2d at 1549. In the present case, the district court's order demonstrates that the district court remanded the case on the basis of its interpretation of the venue selection agreement. The court noted that the Law Firm advanced only one argument to support its motion for remand--that the parties had entered into a venue agreement to litigate all disputes arising out of the Leason settlement in state court. The court determined that it had jurisdiction to decide whether a forum selection agreement existed and on what terms. The court then construed the agreement in the plaintiffs' favor, determined that the agreement was enforceable, and gave effect to the agreement by remanding the case.
 
 
 11
 The only support for the Law Firm's position that the remand order is based on section 1447(c) is the court's citation to Schmitt. It is not clear whether the district court cited Schmitt in support of its decision or in explaining the applicable law. The reference to Schmitt, however, does not alter our conclusion. A court's characterization of its authority for remand is not binding. See Clorox Co. v. United States District Court for Northern Dist. of California, 779 F.2d 517, 520 (9th Cir.1985).
 
 
 12
 We believe that Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273 (9th Cir.1984), is controlling. In Pelleport, the district court remanded a breach of contract action on the ground that a forum selection clause contained in that contract required litigation in state court. Id. at 275. We held that an order remanding to state court on the basis of an interpretation of a forum selection agreement is reviewable on appeal. Id. at 276-77.
 
 
 13
 The plaintiffs point to one sentence in Pelleport which states:
 
 
 14
 Once the fact of remand is separated from the reason for its issuance, however, it becomes clear that the district court did not merely remand this case to state court; it reached a substantive decision on the merits apart from any jurisdictional decision.
 
 
 15
 Id. at 276 (emphasis added). Relying on this sentence, the Law Firm argues that Pelleport is distinguishable from the present case. The plaintiffs assert that, in Pelleport, the district court "reached a decision on the merits" because the forum selection clause was contained in the contract that was the subject of the dispute. The plaintiffs contend that in the present case, the court's interpretation of the forum selection agreement was separate from the merits of the insurance claims.
 
 
 16
 The plaintiffs mischaracterize our holding in Pelleport. The district court in Pelleport did not reach the merits of the plaintiffs' breach of contract claim. Rather, the court made a "substantive decision on the merits" when it interpreted the forum selection clause. The fact that the forum selection clause was contained in the contract was not a factor in our decision. Our analysis made no mention of this fact.[2] The district court in Pelleport did exactly what the district court here did; as in Pelleport, the remand here is appealable.[3]
 
 2. The Forum Selection Agreement
 
 17
 Home Insurance argues that the district court erred by allocating to Home the burden of proving that the Forum Selection Agreement did not encompass an action for bad faith. Home Insurance and the Law Firm agree that the Law Firm, as the party relying on the oral agreement, had the burden of proving all the material allegations of the agreement. See, e.g., Gregory v. Hamilton, 77 Cal.App.3d 213, 220, 142 Cal.Rptr. 563, 567 (1978); Pasqualetti v. Galbraith, 200 Cal.App.2d 378, 383, 19 Cal.Rptr. 323, 325 (1962).
 
 
 18
 After reviewing the district court's order, we conclude that the court misallocated the burden of proof to Home Insurance. In determining whether the venue agreement included bad-faith claims, the court referred only to the transcript of the sealed settlement action. Construing the ambiguities in the transcript against Home Insurance, the district court found that "Home has failed to show otherwise." The court noted that the bad-faith claims seemed to be directly related to the underlying declaratory relief action and concluded: "It is reasonable for this court to infer that bad-faith claims fall within the scope of the venue agreement." The court did not mention the declarations submitted by both parties or make findings regarding the credibility of the conflicting declarations.
 
 
 19
 It is clear that Home Insurance could have expressly agreed to litigate only the declaratory question in state court without waiving its right to remove the bad-faith claim to federal court. Yet, from the fact that Home Insurance agreed to litigate the declaratory action in state court, the district court concluded that it necessarily agreed to litigate the bad-faith claim. To say that once the Law Firm shows that Home Insurance agreed to litigate one claim in state court, it implicitly agreed to litigate all related claims, is to shift the burden of proof. In Regis Assocs. v. Rank Hotels (Management) Ltd., 894 F.2d 193 (6th Cir.1990), the Sixth Circuit observed:
 
 
 20
 The only evidence that Rank waived the right to removal here is that it did not explicitly set forth the right of removal in the forum selection clause. We find this to be of no evidentiary significance under the facts of this case. The right of removal is statutory and, generally, it is the waiver of a statutory right that must be set forth, not the intent to rely on the statute.
 
 
 21
 Id. at 195. Here, Home Insurance had a statutory right to remove. It could waive all or a part of this right. The Law Firm has shown, and Home Insurance agrees, that Home waived its right to remove the declaratory rights action; the Law Firm must also show that Home waived its right to remove the bad-faith claims.
 
 
 22
 The Law Firm argues that the district court correctly allocated to Home Insurance only the burden of construing the transcripts of the Leason settlement because Home Insurance was relying on the transcripts as evidence that the Forum Selection Agreement did not contain bad-faith claims. The Law Firm's argument assumes that the district court found, on the basis of the declarations, that the venue agreement encompassed an action for bad faith. The Law Firm fails to identify where the court made this finding. From our reading of the remand order, we find no evidence that the court stated or implied that the Law Firm proved that the venue agreement included bad-faith claims. In addition, as we said above, the district court did not mention the Law Firm's declarations.
 
 
 23
 Where the district court has misallocated the burden of proof, we review its conclusions de novo. Miller v. Safeco Title Ins. Co., 758 F.2d 364, 367 (9th Cir.1985). Both parties point to evidence supporting their positions. The Law Firm's declarants asserted that bad-faith claims were extensively discussed between the parties. In fact, one attorney for the Law Firm stated that the parties expressly agreed to litigate the bad-faith claims in Santa Clara Superior Court. Home Insurance Company's declarants state that bad-faith claims were never mentioned in the settlement negotiations. Because we cannot determine without an evidentiary hearing whether the Law Firm has proved that Home Insurance waived its right to remove bad-faith claims to state court, we reverse and remand.
 
 3. Request for Costs and Fees
 
 24
 In its cross-appeal, the Law Firm argues that the district court erred in denying its request for costs and fees. Under 28 U.S.C. Sec. 1447(c) (1988), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The district court denied the plaintiffs' request because it concluded that Home Insurance Company's position did not constitute bad faith.
 
 
 25
 We earlier determined that the remand order was based on enforcement of the venue agreement, not on section 1447(c). Consequently, the Law Firm is not entitled to recover costs and fees pursuant to this provision.
 
 
 26
 The decision on the Home Insurance Company's appeal is REVERSED. The decision on the Law Firm's cross-appeal is AFFIRMED.
 
 NOONAN, Circuit Judge, dissenting:
 
 27
 The district court remanded this case to the state court in these terms: "The district court may issue an order remanding a case, despite the existence of diversity jurisdiction, on the ground that the defendant waived the right to remove by seeking relief in the state court and such order is governed by the requirements of section 1447(c). Schmitt v. Insurance Co. of North America, 845 F.2d 1546, 1549 (9th Cir.1988).
 
 
 28
 "It is well established that a forum selection clause may act as a waiver of defendant's right to remove an action to federal court....
 
 
 29
 "The Court further finds that the right to remove this case based on diversity of citizenship, which would be the only predicate for removal in most suits, was waived by the Defendant when it agreed to resolve disagreements arising out of the settlement in a state forum."
 
 
 30
 The plaintiffs argue that the district court, therefore, remanded in accordance with 28 U.S.C. Sec. 1447(c), which provides in part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."
 
 
 31
 This contention is fortified by the fact that after ordering the remand the district court declared, "Section 1447(c) authorizes the district court to award 'just costs' in connection with its remand order," and went on to consider what costs would be just in this case. The district court clearly considered the question as one arising under section 1447(c).
 
 
 32
 The non-reviewability of a remand made, even erroneously, under section 1447(c) has been established by Congress in the clearest possible terms: "An order remanding a case to the State court from which was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title [civil rights cases] shall be reviewable by appeal or otherwise." 28 U.S.C. Sec. 1447(d).
 
 
 33
 The pellucid direction of Congress was clouded by a decision of the United States Supreme Court in a case that struck the majority of that court as crying out for review--a case where the district court failed to invoke section 1447(c) at all but instead declared that the court was dismissing the case because of a crowded civil docket. In these unusual circumstances, the Court held that the remand order was reviewable. Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 350-51, 96 S.Ct. 584, 592-93, 46 L.Ed.2d 542 (1976). The court added: "In so holding we neither disturb nor take issue with the well-established general rule that Sec. 1447(d) and its predecessors were intended to forbid review by appeal or extraordinary writ of any order remanding a case on the grounds permitted by the statute." Id. at 351-52, 96 S.Ct. at 593-94.
 
 
 34
 If Thermtron were the only case creating an exception, Home Insurance would have no basis for its appeal. The district court clearly invoked section 1447(c) and clearly found that it was without jurisdiction. Thermtron itself has no application.
 
 
 35
 Our court, however, building on Thermtron, created a new exception to the pellucid statute. We held that when a contract, at issue in the case, contained a clause as to venue restricting jurisdiction to a state court, a decision by the federal district court that this clause of the contract was enforceable was "a substantive determination of contract law" which was reviewable by appeal. Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 277 (9th Cir.1984).
 
 
 36
 In Pelleport the district court in making the remand order had not referred to section 1447(c), so that, at least arguably, it did not apply. In Clorox v. United States District Court, 779 F.2d 517 (9th Cir.1985) we carried the Pelleport exception one step further. In that case, we said: "While the remand order does describe Stower's motion as being 'pursuant to 28 U.S.C. Sec. 1447(c),' it does not purport to remand the case on any of the grounds specified in section 1447(c). In fact, the order gives no reason for the remand." Id. at 520.
 
 
 37
 We proceeded by "[l]ooking beyond the language of the remand order" to find that the decision had been made "on the merits apart from any jurisdictional decision" because it was based on a holding that Clorox had waived its right to remove from the state court by a statement in its employee handbook. Id. We held that the bar of section 1447(c) did not apply. The approach taken by us in Pelleport and Clorox has been rejected by at least two circuits. Soley v. First National Bank of Commerce, 923 F.2d 406, 408 (5th Cir.1991); Glasser v. Amalgamated Workers Union Local 88, 806 F.2d 1539, 1540-41 (11th Cir.1986).
 
 
 38
 The erosion in the Ninth Circuit of the congressional command denying appealability of remand orders was stanched in Schmitt v. Insurance Company of North America, 845 F.2d 1546 (9th Cir.1988). In that case the district court remanded to the state court "on the grounds that INA's petition for removal was untimely and that INA had waived its right to remove the case when it 'voluntarily subjected itself to the jurisdiction of the state court by filing its permissive cross-complaint in December 1985.' " Id. at 1548.
 
 
 39
 On appeal we held: "In cases where the basis or authority for remand is unclear, we look to the substance of the order to determine whether it was issued pursuant to section 1447(c). A remand order issued pursuant to section 1447(c) is immune from appellate review even if the district court does not expressly state that the matter was 'removed improvidently and without jurisdiction.' "[1] Id. at 1549.
 
 
 40
 We went on to hold that a remand based on untimeliness was within the purview of section 1447(c) and also that a remand because the defendant had waived the right to remove by seeking relief in the state court was within section 1447(c). Id. We concluded that section 1447(c) barred the appeal. Id. at 1550. We distinguished Clorox as a case where the remand order was based "on an adjudication of the merits of an issue presented in that case." Id.
 
 
 41
 The distinction made by Schmitt, it must be conceded, is razor-fine. There is nothing frivolous in Home Insurance contending that Pelleport and Clorox give it the right to appeal despite section 1447(d). But the fact that an appeal can be taken here with colorable argument merely goes to underscore the extent to which our extension of Thermtron has subverted the congressional purpose in enacting a general, pellucid bar to the review of remands.
 
 
 42
 In Thermtron itself--where there was no attempt to get around the explicit language of section 1447(d) as it applied to remands under section 1447(c)--it was acknowledged on all sides that the purpose of the barrier was "to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." Thermtron, 423 U.S. at 351, 96 S.Ct. at 593 (majority opinion). Appeal of remand orders "may become a device affording litigants a means of substantially delaying justice. It is clear that the ability to invoke appellate review, even if ultimately unavailing on the merits, provides a significant opportunity for additional delay." Id. at 355, 96 S.Ct. at 596 (Rehnquist, J. dissenting).
 
 
 43
 We have compounded the opportunity for unnecessary delay by creating exquisitely refined distinctions which invite appeal in litigation. For example, the remand order in Pelleport was dated August 12, 1983. We decided on August 24, 1984 that the remand was justified--the appellant had gained a year. In Clorox the date of the district court order was October 21, 1983. We heard argument and treated the case as submitted on April 13, 1984. We issued the final opinion on December 26, 1985. In Schmitt the district court remanded on December 21, 1987. We held that the remand was justified on May 6, 1988. In the instant case the district court remanded on August 25, 1989. It is now July 1991 and our decision has not yet issued.
 
 
 44
 We are bound by our precedent absent an en banc reversal of that precedent. The best approach would be for an en banc court to eliminate the Pelleport and Clorox exceptions. The second best approach is to adopt the path taken by Schmitt and find a distinction that permits the discouragement of an appeal from a remand order. In this case the distinction does exist: unlike either Pelleport or Clorox or Thermtron the district court clearly dismissed invoking section 1447(c). The statutory bar applies.
 
 
 45
 The majority, indeed, fails to follow binding precedent in the instant case. In Federal Savings & Loan Insurance Corp. v. Frumenti Development Corp., 857 F.2d 665 (9th Cir.1988), the district court decided to remand on the basis of lack of federal question jurisdiction, contrary to this court's relevant precedent. We held that the "threshold and dispositive issue" was whether we could review the remand order. Id. at 667. We held "reluctantly" that we could not. Id. In the instant case it could be argued as the plaintiffs did, that the court erroneously followed Schmitt, but nonetheless following Schmitt is what the court did. There can be no mistake about that. The majority thinks that Schmitt and Frumenti are distinguishable and that Clorox is binding. No doubt the contention is plausible. It is at least equally plausible that Clorox and Pelleport are distinguishable as cases where no reference was made by the district court to section 1447(c), whereas Schmitt and Frumenti are binding in this case because, clearly enough, the district court did intend to invoke and actually succeeded in invoking section 1447(c). Despite the pellucid congressional command, the majority now reviews the remand based on section 1447(c).
 
 
 46
 The judges of this court often complain about the rising burden of litigation and the very large number of appeals it is their task to adjudicate. Often enough the burden is created by the court itself. Our jurisprudence on appellate review of remand orders is a textbook example. No good reason exists that we should review them at all. The appeals process becomes a way of delaying justice. As an old, fundamental and too often neglected axiom has it, justice delayed is justice denied. We circumvent a congressional enactment at the same time we do harm to the parties and unnecessarily burden ourselves.
 
 
 47
 As jurisdiction is lacking, I do not reach the merits of the appeal.
 
 
 
 [1]
 Under 28 U.S.C. Sec. 1447(c) (1988), a district court must remand a case which has been removed if "it appears that the district court lacks subject matter jurisdiction." Generally, a remand order issued pursuant to section 1447(c) is not reviewable on appeal. 28 U.S.C. Sec. 1447(d) (1988)
 
 
 [2]
 See also Clorox Co. v. United States District Court for the Northern Dist. of California, 779 F.2d 517 (9th Cir.1988). In Clorox, the district court determined that Clorox's statement in an employee handbook constituted a waiver of the right of removal. Although the opinion does not indicate that the employee handbook was otherwise a subject of dispute, we held that the remand order "was based on a substantive decision on the merits apart from any jurisdictional decision" and was therefore appealable. Id. at 520
 
 
 [3]
 The dissent's statement that we are "failing to follow binding precedent" in the form of Federal Savings & Loan Insurance Corp. v. Frumenti Development Corp., 857 F.2d 665 (9th Cir.1988), is clearly unsound. In Frumenti, the district court had remanded on the ground that it lacked federal subject-matter jurisdiction. Such a remand clearly falls within the plain terms of section 1447(c), and is therefore unreviewable. The Frumenti opinion differentiated that situation from Pelleport, pointing out that "[i]n Pelleport, the district court's determination that a forum selection clause in the contract under dispute precluded litigation in federal court was reviewable." Id. at 670. The opinion further characterized Pelleport 's remand as "based solely on determinations of substantive law, and not on an explicit or implicit determination of federal subject matter jurisdiction." Id. The entire discussion of reviewability in Frumenti thus accepts the proposition that Pelleport remands are reviewable. Our case is indistinguishable from Pelleport
 
 
 [1]
 At the time Schmitt and the other cases discussed were decided section 1447(c) provided: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case." In 1988 Congress amended the statute to read: "If at any time before final judgment it appears that the district court lacks jurisdiction, the case shall be remanded." The amended version makes even clearer that a remand order based, erroneously or not, on the lack of subject matter jurisdiction is totally unreviewable