**CHINA NORTH INDUSTRIES TIANJIN CORP., Petitioner— Appellee,**

v.

**GRAND FIELD CO., INC., Respondent—Appellant.**

**No. 04–56323.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 25, 2006.

Decided Aug. 3, 2006.

T. Britt Rudman, Esq., Law Offices of T. Britt Rudman, Beverly Hills, CA, for Petitioner–Appellee.

Gary Hollingsworth, Esq., Law Office of Gary Hollingsworth, San Marino, CA, for Respondent–Appellant.

Before: FERNANDEZ, RYMER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Grand Field Co., Inc. appeals the district court's order remanding China North Industries Tianjin Corp.'s suit to enforce a foreign arbitration award to the San Bernardino County Superior Court. We have jurisdiction despite 28 U.S.C. § 1447(d) because the district court's order was based

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

on its interpretation of a "forum selection clause." *See Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 276–77 (9th Cir.1984).

There is no question that Grand Field had the right to remove this action at any time before trial under the New York Convention.[1] 9 U.S.C. § 205. We disagree that the parties' stipulation is a "forum selection clause" in the sense of selecting a state, rather than a federal, forum. It does select a specific forum—the China International Economic and Trade Arbitration Commission (CIETAC)—for arbitration of the parties' underlying dispute about whether Grand Field owed China North money. However, the stipulation does not say that the San Bernardino County Superior Court is the only forum where disputes about an award, if any, will be resolved. That the San Bernardino County Superior Court may have jurisdiction over the proceeding and that an award may be enforced "by" it, does not mean that no other court has jurisdiction or that the award may not also be enforced by some other court; if the parties had intended to make that court the exclusive court with jurisdiction to hear an action to confirm the award, they could easily have said so, but did not. Thus, the stipulation is not a "forum selection clause" that clearly and unequivocally waives Grand Field's right of removal.[2] *See Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir.1994) (adopting "clear and unequivocal" standard for waiver); *Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550, 554 (9th Cir.1991)

(noting that burden of proof is on the party asserting waiver).

REVERSED.

---

1. 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the New York Convention). 9 U.S.C. §§ 201–08.

2. The district court's order turns entirely on the effect of Grand Field's stipulation; it did not rule on any ground of waiver unrelated to the stipulation, nor do we.

