# United States Court of Appeals
## For the First Circuit

No. 00-2458

IN RE: UROHEALTH SYSTEMS, INC.,

Petitioner.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

Boudin, Circuit Judge,
Bownes, Senior Circuit Judge,
and Schwarzer*, District Judge.

Brooks R. Magratten, with whom Vetter & White were on brief, for Urohealth Systems, Inc.

Albert R. Romano, with whom Romano & Spinella were on brief, for John Doe.

June 12, 2001

_____

**BOWNES, Senior Circuit Judge.**    Defendant-petitioner Urohealth Systems, Inc. petitioned for an extraordinary writ to review the district court's stay order in this product liability action.   Urohealth contends that the district court flouted the instructions in our earlier order in this case, Doe v. Urohealth Systems, Inc., 216 F.3d 157 (1st Cir. 2000), and abused its discretion in ordering the stay.   We construe the extraordinary writ as an appeal, vacate the stay order, and remand for further proceedings.

## I.   BACKGROUND

On August 6, 1997, plaintiff John Doe sued Urohealth in the United States District Court for the District of Rhode Island.   He asserted claims of strict liability, negligence, and breach of warranty based on the alleged malfunction of a penile prosthesis implanted on February 23, 1996.[1]

Discovery proceeded for sixteen months.   During that time, the district court chastised Doe for various abuses, including designating in interrogatory answers multiple experts that he had never in fact retained; not prosecuting his case diligently;  and  propounding  voluminous  and  inappropriate discovery requests at the end of the discovery period.   At the

---

[1]A  fuller  discussion  of  the  claims  and  the  procedural history of this case can be found at Urohealth, 216 F.3d 157.

initial close of discovery, Doe had not yet retained an expert.

Urohealth first moved for summary judgment on June 23, 1998. The district court extended the pretrial deadlines, and Doe retained Edward Reese, Ph.D., as an expert. In response, Urohealth supplemented its motion for summary judgment, contending that Dr. Reese was unqualified and that his opinions lacked foundation. The district court assigned that motion to a magistrate judge, who ordered Urohealth to file a separate Daubert motion to strike Dr. Reese. Urohealth did so on January 11, 1999.

On January 26, 1999, Doe sued Urohealth and Urohealth's wholly-owned subsidiary, Dacomed Corporation, in the Rhode Island Superior Court, asserting the same product liability claims as in the instant case. In the state court action, Doe also sued the physician who implanted the prosthesis, Dr. Alan Podis, and the treating hospital, Miriam Hospital.

On February 15, 1999, Doe moved to dismiss the federal court action without prejudice under Fed. R. Civ. P. 41(a)(2). Urohealth opposed the motion. In deciding the motion, the district court correctly considered "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the

action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Urohealth, 216 F.3d at 160 (quoting Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). As we summarized in our earlier opinion:

> The district court then indicated that, even though the Pace factors favored Urohealth, it did not believe that Urohealth would "truly suffer legal prejudice" if it dismissed the federal lawsuit without prejudice because Urohealth still would have to litigate these claims on behalf of Dacomed in the state suit. Urohealth argued that if the district court denied Doe's Rule 41(a)(2) motion and granted Urohealth summary judgment, the judgment would have preclusive effect for both Urohealth and Dacomed; thus, Urohealth could avoid relitigating the case in state court. The district court disagreed, reasoning that even if summary judgment would preclude relitigation for Urohealth in the state case, Dacomed, which "is a separate entity, albeit wholly owned by Urohealth," would not be protected by res judicata because it was not a defendant in the federal case.

Id. at 161.

Urohealth appealed the district court's order of dismissal without prejudice. This court reversed the order on the ground that "the district court's main stated reason for dismissing without prejudice was based on a legal error." Id. at 162-63. Specifically, we held that the district court erred in assuming that Dacomed would not be entitled to assert a res

-5-

judicata defense in state court if Urohealth had won summary judgment in the federal action.  We stated:

> An evaluation of the res judicata effects normally would not be part of the Rule 41(a)(2) analysis, but this case is unusual because of the relationship of the two entities.  To the extent the district court permissibly considered the potential prejudice stemming from Urohealth's having to litigate on behalf of Dacomed in the state case, we find an abuse of discretion because the court erred in finding no privity between the companies.

Id. at 161.  We remanded the case to the district court, leaving open the narrow possibility that the district court could, for other reasons, dismiss the case without ruling on Urohealth's motion for summary judgment.  Id. at 163.

On remand, the case was assigned to a different district court judge, who ordered the parties to file new memoranda supporting and opposing the motion to dismiss.  On November 8, 2000, the district court issued an order to stay the federal matter until the resolution of parallel state court proceedings.  It stated:

> I have at times stayed the federal action to await the outcome of the state case because the state outcome could make this litigation moot, and since the state case is the more comprehensive case, I think that's the most judicially economic result in this case.  So I'm not going to rule on the motion to dismiss without prejudice or with prejudice. I'm going to stay this case until the state court litigation is completed, and then I

-6-

will determine whether there's anything left to do, or decide, in this matter.

On November 24, 2000, Urohealth petitioned this court for an extraordinary writ under Fed. R. App. P. 21(c). On December 28, 2000, we issued an order conditionally treating the extraordinary writ as a notice of appeal. We stated:

> it appears that an extraordinary writ does not lie because the challenged order is appealable . . . . Nonetheless, there is precedent for treating a petition for an extraordinary writ as a notice of appeal . . . and we exercise our discretion to do so under the peculiar circumstances of this case.

(citations omitted). We deferred the final disposition of the question of our jurisdiction to the merits panel.

## II. DISCUSSION

The first question before us is whether we have jurisdiction over this matter, given that Urohealth petitioned for an extraordinary writ rather than noticing a direct appeal of the stay order. Urohealth sought review of the stay order by means of a common law writ of certiorari, which is one of several writs historically within the power of a court of appeals under the All Writs Act, 28 U.S.C. § 1651(a). Under the Act, Congress authorized federal courts to "issue all writs necessary or appropriate in aid of their respective

jurisdictions and agreeable to the usages and principles of law." Id.

The Supreme Court has defined the parameters of the use of writs, holding them to be "extraordinary remedies . . . reserved for really extraordinary cases." Will v. United States, 389 U.S. 90, 107 (1967); see also Boreri v. Fiat S.P.A., 763 F.2d 17, 26 (1st Cir. 1985). Furthermore, it is well-established that an extraordinary writ, such as a writ of certiorari or a writ of mandamus, may not be used as a substitute for an appeal and will not lie if an appeal is an available remedy. See, e.g., Stauble v. Warrob, Inc., 977 F.2d 690, 693 (1st Cir. 1992) (mandamus is not a substitute for appeal and will not lie if the petitioner has a remedy through a direct appeal); In re Bushkin Assocs., Inc., 864 F.2d 241, 243 (1st Cir. 1989) (mandamus will not lie if there exist other adequate means to attain relief).

Here, Urohealth apparently assumed that a direct appeal was not an available remedy. This assumption is not supported by applicable case law, however. The Supreme Court has held that a district court's stay order is appealable as a "final decision" under 28 U.S.C. § 1291 if the purpose of the stay is to effectively surrender jurisdiction of the federal suit to the state court. Moses H. Cone Mem'l Hosp. v. Mercury Constr.

-8-

Corp., 460 U.S. 1, 10 & n.11 (1983). There, the district court stayed the federal proceedings because the state and federal actions involved an identical issue. Id. at 10. The Court held that the district court's stay order was appealable, stating: "a stay of a federal suit pending resolution of the state suit meant that there would be no further litigation in the federal forum; the state court's judgment on the issue would be res judicata." Id.

Similarly, the stay order in the present case effectively amounted to a dismissal of the federal suit. The state and federal litigation were substantially alike and Urohealth and Dacomed were likely in privity. Urohealth, 216 F.3d at 162. It is therefore probable that any decision in state court would have had a preclusive effect on the federal litigation. Id. Furthermore, the district judge indicated that the reason for issuing a stay was to "await the outcome of the state case because the state outcome could make this [federal] litigation moot . . . ." Accordingly, an appeal would have been an available remedy to Urohealth, precluding an extraordinary writ. See Moses H. Cone, 460 U.S. at 10 & n.11.

It is thus clear that Urohealth should have appealed the district court's order rather than seeking an extraordinary writ. We now must consider whether we should nonetheless treat

Urohealth's petition for an extraordinary writ as a notice of appeal. There is precedent for this course of action. See, e.g., In re Bethesda Mem'l Hosp., 123 F.3d 1407, 1408 (11th Cir. 1997) ("precedent permits us to treat the petition for the writ of mandamus as a direct appeal, and we do so here"); Clorox Co. v. United States Dist. Ct., 779 F.2d 517, 520 (9th Cir. 1985) (treating a writ of mandamus as a notice of appeal); In re Roberts Farms, Inc., 652 F.2d 793, 795 (9th Cir. 1981) (unaware that an appeal had also been filed, the court construed the writ of mandamus as a notice of appeal); see generally Smith v. Barry, 502 U.S. 244, 247-49 (1992) (courts should liberally construe the requirements for a notice of appeal under Fed. R. App. P. 3).[2] We conclude that it is appropriate to treat Urohealth's petition as an appeal under these particular factual circumstances.

In submitting its petition for an extraordinary writ, Urohealth followed the normal procedures required for a notice of appeal. Urohealth provided a copy of its petition for a writ of certiorari to the opposing party and to the district court within the time period allotted for a notice of appeal. See

---

[2]Although this court has not spoken on this particular issue, we have recognized our power to treat a notice of appeal as a petition for a writ of mandamus. Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3 (1st Cir. 1999).

Smith, 502 U.S. at 248 (stating that the purpose of a notice of appeal is to "ensure that the filing provides sufficient notice to other parties and the courts.") Furthermore, if this court had acted on Urohealth's petition immediately upon its receipt, Urohealth still would have had time to correctly file a notice of appeal.[3] For these reasons, we will treat the petition for a writ of certiorari as a notice of appeal.[4]

Having determined that we have jurisdiction over this matter, we now proceed to the merits of Urohealth's appeal. Urohealth contends that the district court erred in refusing to rule on Doe's motion to dismiss and in staying the case pending resolution in the state court. We review the district court's issuance of a stay order for abuse of discretion. Walsh v. Walsh, 221 F.3d 204, 213 (1st Cir. 2000).

When remanding this matter for further proceedings consistent with our opinion, we provided detailed guidance to the district court. We explained that Urohealth would be

---

[3]At the time this court issued a preliminary order on this matter, the thirty-day time period for filing an appeal had already expired.

[4]This conclusion should not be construed as holding that extraordinary writs should always be treated as notices of appeal. See Clorox Co., 779 F.2d at 520 (treating a writ of mandamus as a notice of appeal on the limited facts of the case, but concluding that generally it is "unwise to blur the distinction between mandamus and appeal procedures by allowing one to substitute for the other . . . .")

prejudiced if the state court action was allowed to proceed and Urohealth was forced to litigate on behalf of Dacomed. Urohealth, 216 F.3d at 161-63. We stated that, absent new reasons to support a voluntary dismissal, Doe's motion to dismiss should be denied and Urohealth's motions should be heard. Id. at 163. We left only narrow room for the district court to allow Doe's motion to dismiss without prejudice:

> This [remand] does not necessarily preclude the possibility that for some other reason the district court could dismiss the case without ruling on the summary judgment motion, but given the record, it is somewhat difficult to discern what that reason might be. As matters now stand, the defendant has made a significant investment of time and money in the case, a motion for summary judgment apparently is ripe for decision, and judgment in favor of Urohealth would avoid what may be otherwise years of litigation in state court against its subsidiary on an identical claim.

Id. We also made clear our disapproval, absent unusual circumstances, of forcing Urohealth or Dacomed to litigate all over again in state court a matter that had been brought to the present stage in a federal court:

> We do think that a plaintiff cannot conduct a serious product liability claim in a federal court, provoke over a year's worth of discovery and motion practice, allow the case to reach the stage at which the defendant filed a full-scale summary judgment motion, and then when matters seemed to be going badly for plaintiff simply dismiss its case and begin all over

again in a state court in what is essentially an identical proceeding.

Id.

The district court's order did not comport with our opinion in Urohealth. Rather, it stayed the case until the completion of the state court litigation. By allowing that litigation to proceed, its ruling was tantamount to dismissing the federal case without prejudice. Cf. Moses H. Cone, 460 U.S. at 10. Therefore, it effectively reinstated the very ruling this court reversed. Contrary to our opinion, at no point did the district court mention any new reasons to support its decision to not rule on the summary judgment motion. See Urohealth, 216 F.3d at 163.

The court's failure to follow the law of the case amounts to an abuse of discretion. See United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). A review of the record indicates that Doe submitted no new arguments that would warrant dismissal without prejudice. Accordingly, we vacate the stay order and remand this matter. We direct the district court to deny Doe's motion to dismiss and to hear Urohealth's pending motions forthwith.

**Vacated and remanded for further proceedings consistent with this opinion.**