**Edward A. LAZUR, Plaintiff,**

v.

**UNITED MINE WORKERS OF AMERICA et al., Defendants.**

Civ. A. No. 78–1992.

United States District Court, District of Columbia.

March 14, 1979.

Philip F. Hudock, McLean, Va., Bart Ecker, Hazelton, Pa., for plaintiff.

Harrison Combs, Willard Owens, Washington, D. C., Ronald G. Nathan, Washington, D. C., Richard T. Tomar, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Defendant's Pension Trust Committee has now determined that plaintiff is not entitled to a pension. The Pension Plan states that it is the Committee's responsibility to determine facts and eligibility and that the Committee's determination shall be conclusive. Cross-motions for summary judgment which have been briefed and argued are before the Court. The question presented is whether or not the Committee's decision is based on substantial evidence in the record and otherwise is free from arbitrariness and capriciousness. *See Johnson v. Botica*, 537 F.2d 930, 935 (7th Cir. 1976); *Norton v. I. A. M. National Pension Fund*, 180 U.S.App.D.C. 176, 180–81, 553 F.2d 1352, 1356–57 (1977); *Rehmar v. Smith*, 555 F.2d 1362, 1371 (9th Cir. 1976).

Pensions are payable under the Plan to regular full-time employees of the Union or one of its Districts who have served ten or more years. Temporary or part-time employees are specifically excluded. Unlike other officers of the Union who are paid on a salary basis, tellers are paid, under the Union's Constitution, on a per diem basis "when employed," *i. e.*, for those days when they perform duties in connection with the election of International Union Officers. (*See* Article VII, Sec. 1, Article IX, Secs. 35–37, and Article X of Union's Constitution). Plaintiff worked in all some 27 months as a teller, a wholly insufficient period to qualify. His job as a teller was clearly part-time or temporary employment within the meaning of the Plan. The Committee's finding to that effect is obviously not irrational and is supported by the evidence.

Plaintiff urges, however, that his claim should be recognized for two reasons. First, that three tellers in the past were treated as full-time employees for purposes of the Plan and received pensions. Second, that plaintiff performed work for his District in addition to the work he performed as a teller for the International and that he should receive credit for both jobs.

The basis on which the three previous tellers received pensions is not entirely clear from the defendants' files now available. It does appear that they were credited with other full-time employment in at least two and possibly in all three cases.* In any event, these actions (pre-ERISA) should not control the present Committee's interpreta-

---

* This information, as well as other facts now of record, substantially undercuts the force of plaintiff's position which initially persuaded the Court in its prior opinion to indicate a tentative contrary view.

tion and administration of the Plan. The Committee must act in accordance with present statutory standards. *See* 29 U.S.C. §§ 1104(a)(1)(D); 1109(a); 1131, 1132(a). It cannot be held to be bound by acts of previous Committees.

Plaintiff completely failed to establish any full-time work for his District. A review of all facts before the Committee is not necessary. Suffice it to note that his claim is not supported by Social Security records, personal tax records, any records of the District still available and indeed is negated by his concurrent employment with an anthracite mine, a state agency, and other organizations during the period in question. Indeed, he is receiving a pension for the first of these activities.

The Committee did not act 'arbitrarily or abuse its discretion and its action is factually supported. Summary judgment is granted defendants and denied plaintiff. The complaint must be and hereby is dismissed.

SO ORDERED.