(650 P.2d 712)

No. 53,510

DOROTHY M. IMLER, *Appellant,* v. SOUTHWESTERN BELL TELEPHONE
COMPANY, *Appellee.*

Opinion filed
September 2, 1982.

*Philip R. Herzig,* of Salina, for appellant.

*Ruth A. Sears,* and *Lawrence A. Dimmitt,* of Topeka, and *Jeffrey E. King,* of King, Stokes, Nitz & Adrian, Chartered, of Salina, for appellee.

Before SWINEHART, P.J., SPENCER and MEYER, JJ.

MEYER, J.: This is a contract action concerning the Employee Retirement Income Security Act (ERISA) plan. Summary judgment was granted in favor of defendant Southwestern Bell Telephone Company (appellee). The employee, Dorothy M. Imler (appellant), appeals.

Appellant's disability benefits were paid through appellee's ERISA plan. The plan provided for administrative review of any denial of benefits. Appellant was terminated and denied further benefits on February 15, 1975. Appellant and appellee had no further contact until August 1978, when appellant's attorney contacted appellee to inquire why disability payments were not being made. Appellee's committee reconsidered their February 1975 decision on May 12, 1980, and notified appellant on June 5, 1980, through her attorney, that the benefits were again being denied. At the same time, appellant was notified, through her attorney, that administrative review was available. The name and address of the person necessary to contact in order to seek review were provided. Appellant, however, declined to pursue administrative remedy, filing suit instead.

Appellee sought summary judgment on grounds that appellant failed to exhaust administrative remedies and that the decision of the committee was not, as a matter of law, arbitrary and capricious. The trial court granted the motion, hence this appeal.

Appellant's first issue involves the district court's jurisdiction in reviewing the action of the Employees' Benefit Committee.

It appears that the plan from which the appellant seeks benefits was instituted under the Employee Retirement Income Security Act of 1974 (ERISA). This act is found at Chapter 18 of Title 29 of the United States Code and cited as 29 U.S.C. §§ 1001 *et seq.* 29 U.S.C. § 1132(e)(1) states:

"Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section."

29 U.S.C. § 1132(a)(1)(B) states:

"(a) A civil action may be brought—
        (1) by a participant or beneficiary—
"(B) to recover benefits due to him under the terms of his plan, to enforce his
rights under the terms of the plan, or to clarify his rights to future benefits under
the terms of the plan   .   .   .   ."

It appears the appellant's claim falls within 29 U.S.C.
§ 1132(a)(1)(B). Thus, the trial court had jurisdiction to consider
the case, and this court has jurisdiction over this appeal.

Appellant's second issue involves the appropriate scope of
review to be applied by the district court. The trial court set forth
the following standard of review:

"I find as a matter of law that the scope of the Court's jurisdiction in such a case
is to review the action of the Employee's Benefit Committee to determine if:
        1.   They acted fraudulently, arbitrarily or capriciously;
        2.   If their findings are substantially supported by evidence, and;
        3.   If their action was within the scope of their authority."

This general statement is in accord with the scope of review
traditionally applied by Kansas courts in cases involving appeal
from administrative rulings. See *Gillett v. U.S.D. No. 276,* 227
Kan. 71, 79, 605 P.2d 105 (1980); and *Moore v. Adkins,* 2 Kan.
App. 2d 139, Syl. ¶ 1, 576 P.2d 245 (1978).

Our research discloses no Kansas case directly in point with the
present appeal. There are, however, federal cases which limit the
scope of review of "private" administrative action under ERISA
plans to that same scope of review applied to actions by govern-
mental administrative agencies—whether the action is supported
by substantial evidence and whether it is arbitrary and capri-
cious. See *Lazur v. United Mine Wkrs. of America,* 471 F. Supp.
114 (D.D.C. 1979). The federal courts have also noted that, in
enacting ERISA, it was the intent of Congress that the courts
develop "a body of Federal substantive law   .   .   .   to deal
with issues involving rights and obligations under private wel-
fare and pension plans." *Amato v. Bernard,* 618 F.2d 559, 567
(9th Cir. 1980). See also 120 Cong. Rec. 29942 (1974).

As a general rule, when a State court entertains an action based
on federal law, then the federal rules should be applied. Wright,
Federal Courts § 60 (3rd ed. 1976). It might be argued that
whether the federal scope of review is substantive or procedural
is a necessary determination in this case; we choose not to make

this an issue, however. First, the line between substantive law and procedural law has become invariably blurred. *Hanna v. Plumer,* 380 U.S. 460, 471, 14 L.Ed.2d 8, 85 S.Ct. 1136 (1965); Wright, Federal Courts § 59 (3rd ed. 1976). And second, the question is academic, as the scope of review applied in federal courts is substantially identical to that prevailing in the courts of Kansas.

Given the above, appellant's argument that the trial court should have applied a scope of review allowing de novo determination of all issues of fact is not compelling. De novo review is not favored by the law of this state, and the courts have been reluctant to permit it. See *Brinson v. School District,* 223 Kan. 465, 467-70, 576 P.2d 602 (1978). We conclude the trial court applied the correct standard of review.

Appellant's third issue, which is dispositive of this appeal, is stated in her brief as follows:

"Is an employee required to exhaust her interfund remedies before filing suit to recover benefits to which she is entitled?"

In *Amato v. Bernard,* 618 F.2d 559, the court faced the identical issue. That court stated:

"Amato appears to argue, however, that the sound policy under which the courts have usually required exhaustion of available administrative remedies before permitting aggrieved parties to proceed with their lawsuits has been abrogated in the special case of ERISA. We cannot agree.

"It is true that the text of ERISA nowhere mentions the exhaustion doctrine. The question therefore may be raised as to whether Congress intended to grant the authority to the courts to apply that doctrine in suits arising under ERISA. Like Judge Dupree in *Taylor v. Bakery and Confectionary Union and Industry International Welfare Fund,* 455 F. Supp. 816 (E.D.N.C. 1978), we conclude from both the legislative history and the text of ERISA that Congress did intend to grant such authority to the courts, *and that sound policy requires the application of the exhaustion doctrine in suits under the Act."* (Emphasis added.) 618 F.2d at 566-67.

The rationale for the court's decision was:

"Finally, a primary reason for the exhaustion requirement, here as elsewhere, is that prior fully considered actions by pension plan trustees interpreting their plans and perhaps also further refining and defining the problem in given cases, may well assist the courts when they are called upon to resolve the controversies. *Cf. Buzzard v. Local Lodge 1040 Int. Ass'n of Mach. & Aero. Wkrs., supra,* 480 F.2d at 41.

"In sum, we conclude that the federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and that as a matter of sound policy

they should usually do so. Amato has made no cogent argument to the contrary." 618 F.2d at 568.

Here, appellant was given ample opportunity to request administrative review of the Board decision. ERISA requires such review of board decisions. 29 U.S.C. § 1133; *Amato v. Bernard,* 618 F.2d at 567. Rather than seek this available review, appellant filed suit. There is no contention by appellant that such review would be futile, or that the administrative remedy would be inadequate. Such circumstances are generally necessary to abrogate the exhaustion requirement. 618 F.2d at 568. Therefore, the trial court properly ruled that appellant must exhaust administrative remedies before proceeding to district court. 618 F.2d at 569. This conclusion is inferentially supported by *State ex rel. O'Sullivan v. Heart Ministries, Inc.,* 227 Kan. 244, 258, 607 P.2d 1102 (1980), and the cases cited therein.

The trial court was correct in granting summary judgment in favor of appellee because of appellant's failure to exhaust her administrative remedies before proceeding to that court. It is therefore not necessary for us to discuss appellant's other issues.

Affirmed.