**John YURCIK, Plaintiff,**

v.

**SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION and Metal Workers' National Pension Fund, Defendants.**

**No. 94 Civ. 9113 (BDP).**

United States District Court,
S.D. New York.

April 5, 1995.

Edward Benson, New York City, for plaintiff.

Robert W. Piken, Piken & Piken, New York City, for defendants.

### MEMORANDUM AND ORDER

PARKER, District Judge.

This action was originally filed in Supreme Court, Rockland County, on December 9, 1994. In his complaint, John Yurcik ("plaintiff") alleges that the Sheet Metal Workers' National Pension Fund ("defendant") wrongfully withheld payment for early retirement and disability options under its pension plan.

On December 21, 1994, defendant removed the action to this Court, alleging that the suit "arose" pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1381, and

thus federal jurisdiction exists.[1] On February 7, 1995, plaintiff moved to remand on the ground that removal was improper.

29 U.S.C. § 1132(e)(1) provides that state courts of competent jurisdiction and district courts of the United States have concurrent jurisdiction over actions to recover retirement benefits. 28 U.S.C. § 1441(a) authorizes removal if original jurisdiction exists in the District Court. According to plaintiff, concurrent jurisdiction is not congruent with original jurisdiction, and thus removal was improper.[2] We disagree.

■ At the outset, we note that section 1441(a) allows removal except "as otherwise expressly provided." Neither 29 U.S.C. § 1132(a)(1) nor (e)(1) expressly prohibits removal. The general rule is that "absent an express provision to the contrary, the removal right should be respected when there is concurrent jurisdiction." Wright, Miller & Cooper, *Federal Practice and Procedure* § 3739 (1985 and Supp.1990); see *Chilton v. Savannah Foods & Industries*, 814 F.2d 620 (11th Cir.1987); *Mercy Hospital Association v. Miccio*, 604 F.Supp. 1177 (E.D.N.Y.1985).

■ Plaintiff contends that its right to pursue its claims in state court only is fixed by the provision in the pension plan handbook which provides that suits to recover plan benefits could be filed under state or federal court. Because federal law requires all employers to provide information similar to the one contained in plaintiff's employee handbook (see 29 C.F.R. § 2520.102–3(t)(2) (1984)), virtually every ERISA suit would, upon removal, be remanded to state court. See *The Clorox Company v. The United States District Court for the Northern District of California*, 779 F.2d 517 (9th Cir.

1985). In any event, this provision does not eviscerate the right of removal otherwise conferred by 28 U.S.C. § 1441(a).

### CONCLUSION

The removal of this action to this Court was proper, and jurisdiction is properly predicated on 28 U.S.C. § 1441(a), 29 U.S.C. § 1132(a), (e). Plaintiff's motion to remand is denied.

**SO ORDERED.**

---

1. Plaintiff's complaint acknowledges that Defendant's pension plan complies with ERISA. Nevertheless, plaintiff contends that this is not an ERISA action because he asserted only state contract claims. ERISA creates a federal cause of action, with concurrent state and federal jurisdiction, over claims by an employee "to recover benefits due to him under terms of his plan, to enforce his rights under the terms of a plan, or to clarify his rights to future benefits under the terms of a plan." 29 U.S.C. 1132(a)(1). The Supreme Court has held that ERISA preempts state claims involving improper handling of claims for employee benefits and thus provides a

sufficient basis for removal. *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 65–67, 107 S.Ct. 1542, 1547–48, 95 L.Ed.2d 55 (1987).

2. Plaintiff incorrectly relies on two state court decisions which hold that state courts may hear ERISA claims. *Imler v. Southwestern Bell*, 8 Kan.App.2d 71, 650 P.2d 712 (1982) and *General Dynamics Corp. v. Harris*, 581 S.W.2d 300 (Tex. Civ.App.1979). Because these cases do not address the issue of the propriety of removal to a federal court, they are not dispositive.