**In the Matter of Joseph SKUPNIEWITZ, Richard Posner, Barbara Crabb, and the United States Seventh Circuit, Petitioners.**

No. 95–3222.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 20, 1995.

Decided Jan. 4, 1996.*

Published Jan. 11, 1996.

* This opinion was originally released in typescript.

William J. Lipscomb (submitted), Office of United States Attorney, Milwaukee, WI, for Petitioners.

Richard Mack, Wild Rose, WI, pro se.

Before FAY,** LOGAN *** and GUY,**** Circuit Judges.

LOGAN, Circuit Judge.

This petition for a writ of mandamus presents new twists and turns in the efforts of the court to curb an abusive pro se litigant.

## I

According to *Support Systems Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995), the sanction order at the heart of this case,

> Richard Mack was sued in a Wisconsin state court by SSI, Inc. over a piece of machinery. He sought to remove the suit to federal district court. There was no legal basis for such removal, and the district court imposed a $100 sanction on Mack which he was to pay to his adversary, SSI, for filing a frivolous petition to remove. Mack did not pay but instead created a Wisconsin corporation having the same name as his adversary and advised the district court that he *had* paid the sanction, as ordered, to SSI—but he meant his own corporation, though he did not tell the court this. When the district court learned of his fraud, it increased the sanction to $500, and Mack, again without complying, appealed to this court—appealed and asked us to strike the appearance of the law firm that represents his adversary, on the ground that SSI had fired the firm. But Mack was referring to *his* SSI, whereas the law firm represents the SSI that had sued him in state court. The motion was denied, but Mack renewed it, and this time in denying his motion we directed him to show cause why we should not summarily affirm the district court's sanctions order and impose additional sanctions under Rule 38 of the Federal Rules of Appellate Procedure. Mack did not respond and on July 21, 1994, we summarily affirmed the district court's order and imposed an additional sanction on Mack [again payable to his adversary] of $5,000. The district court meanwhile enjoined Mack from filing any additional motions without leave of

** The Honorable Peter T. Fay, Senior Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, is sitting by designation.
*** The Honorable James K. Logan, Senior Circuit Judge for the United States Court of Appeals for the Tenth Circuit, is sitting by designation.

**** The Honorable Ralph B. Guy, Jr., Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, is sitting by designation.

court, and he has appealed from the injunction as well as from the district court's order imposing the $500 sanction. He has also taken to sending abusive letters to judges of this court. And he has yet to pay a cent of the sanctions imposed on him.

*Id.* at 185–86.

Based on this behavior and additional filings by Mack the court ordered "the clerks of all federal courts in the circuit to return unfiled any papers that the litigant (Mack) attempts to file, unless and until he pays in full the sanctions that have been imposed against him." *Id.* at 186. The opinion made exceptions for any criminal case in which Mack was a defendant and for petitions for a writ of habeas corpus. The court permitted Mack to move, after two years, to modify or rescind the order. In explaining the limitations of its order the panel offered the gratuitous statement that "[t]he state courts remain open to Mack, and most federal claims can be litigated in state court." *Id.* at 187.

Mack's nearly immediate response was to sue in Wisconsin state court the United States Seventh Circuit itself, Seventh Circuit Chief Judge Richard Posner, Western District of Wisconsin Chief District Judge Barbara Crabb, and the Western District of Wisconsin Clerk Joseph Skupniewitz. The complaint, which with exhibits totalled twenty-four pages, was based principally on the Racketeer Influence and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68. In a disjointed list of ten racketeering acts, Mack sought to hold the defendants liable for the alleged torture murder of Mack's father, attempted murder of Mack, Medicare fraud, mail fraud, extortion, obstruction of justice, and criminal defamation. Many of these wrongs allegedly flowed, directly or indirectly, from the court's sanction order in *Support Systems.*

Petitioners might have sought dismissal in state court, asserting their absolute immunity and other defenses. Instead they chose to remove the case to federal district court, invoking 28 U.S.C. §§ 1441(a), 1442(a)(3), and 1446. The district court, however, sua sponte ordered the action remanded to state court. Interpreting the sanction order as prohibiting federal court clerks within the circuit from accepting any papers submitted on behalf of Mack, the court gave as its reason for remand that "this case obviously cannot be conducted in federal court." *Mack v. Skupniewitz,* No. 95–C–374, slip op. at 2 (E.D.Wis. Apr. 17, 1995).

Responding to a motion for reconsideration and recall of the remand, the district court entered an order stating that it "finds itself being tossed in the seas between Scylla and Charybdis." *Mack v. Skupniewitz,* No. 95–C–374 (E.D.Wis. May 17, 1995) (order denying motion to reconsider). The court questioned, based upon *Support Systems,* whether it should have accepted the petition for removal because it incorporated Mack's state court complaint. The court believed, because of the circuit's sanction order, it could solicit the positions and arguments of only the defendants in the suit and not of Mack, "an untenable situation that flies in the face of due process." *Id.* at 2. It refused to change its remand order because it believed it could "hardly preside over a case at which the Plaintiff is not permitted to appear." *Id.* at 3.

## II

 This case presents the perhaps unprecedented situation of a court, as litigant, petitioning itself, as court, for relief. As unusual as that situation may be, it is the necessary consequence of the peculiar posture of this case. The circuit court itself has been sued,[1] and a district court within the subordinate territorial jurisdiction of the cir-

---

1. The Seventh Circuit, as an arm of the United States, is not subject to suit at all unless Congress has explicitly waived immunity. *United States v. Shaw,* 309 U.S. 495, 500–01, 60 S.Ct. 659, 660–61, 84 L.Ed. 888 (1940) ("[W]ithout specific statutory consent, no suit may be brought against the United States. No officer by his action can confer jurisdiction. Even when suits are authorized they must be brought in designated courts."). The only possible basis for a contention that immunity has been waived is that Mack's complaint somehow states a cause of action under the Federal Tort Claims Act, which would raise a federal question subject to removal to federal court under 28 U.S.C. § 1441.

cuit has refused to entertain the case. Although the judges appointed to the Seventh Circuit have all recused,[2] this panel of outside judges, serving by designation of the Chief Justice of the United States, is the appropriate body to consider the mandamus petition.

■ The threshold question is whether we have jurisdiction to review the district court's remand order. Although a remand order based on an absence of jurisdiction is not reviewable, *see Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 346, 96 S.Ct. 584, 591, 46 L.Ed.2d 542 (1976), mandamus is appropriate if we should find that the district court improperly remanded on grounds it had no authority to consider. *Id.* at 351, 96 S.Ct. at 593. Here the district court's orders make clear that the remand is not based on a lack of jurisdiction or other nonreviewable defect; instead, it is based upon the district court's belief that this court's sanction order in *Support Systems* prohibits it from giving Mack the due process necessary to treat him fairly.

■ Mack's state court complaint not only sues an arm of the federal government but explicitly bases claims on the federal RICO statute. The removal law, 28 U.S.C. §§ 1441 and 1442, gives defendants an absolute right to remove the case to the appropriate federal district court. This court's sanction order in *Support Systems* did not purport to, nor could it, abrogate the statutory rights of petitioners, who were not parties to that earlier litigation. The district court's concern whether it should have accepted the removal petition—which contained as an exhibit the complaint Mack filed in state court—is unfounded. Although Mack authored that complaint, its filing in the federal district court was by the removing defendants, not Mack.

■ We must next consider the effect of the *Support Systems* sanction order as applied to our own deliberations on this mandamus matter. A panel decision is binding on another court panel unless overruled with the approval of the en banc court. *See* 7th Cir.R. 40(f). No doubt we have the power to modify *Support Systems* as applicable to the instant case. With all regularly appointed Seventh Circuit judges recused, in this peculiar circumstance this panel may be the the en banc Seventh Circuit or its equivalent. But we see only a need to interpret, not to modify, *Support Systems.*

Indeed, the clerk of the Seventh Circuit already has accepted and filed Mack's "Motion to Quash, Dismiss with Prejudice with Answer, Defense to Petition for Mandamus Rule 11, 12b(f) FRCP, Rule 21 FRAP." Thus, the clerk has interpreted, we think properly, the *Support Systems* order as inapplicable to the situation in which Mack is filing papers in a purely defensive mode, where he is cast as a defendant or respondent. *Support Systems* explicitly allowed Mack to file papers in a case in which he was a criminal defendant. In discussing civil cases, the order considered Mack only in the role of plaintiff or movant. The circuit clerk's construction of the order to permit Mack to file an answer when he was cast as a respondent to a petition, but not to allow him to file his own petition for a writ of mandamus, motion for change of venue, or motion for production of documents, is consistent with *Support Systems* and lawful. This interpretation also avoids the constitutional due process issue. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

2. Arguably under the rule of necessity the judges need not have recused themselves from hearing this case. The rule of necessity is that "although a judge had better not, if it can be avoided, take part in the decision of a case in which he has any personal interest, yet he not only may but must do so if the case cannot be heard otherwise." *United States v. Will,* 449 U.S. 200, 214, 101 S.Ct.

471, 480, 66 L.Ed.2d 392 (1980) (quotation omitted); *see also Complaint of Doe,* 2 F.3d 308, 309–10 (8th Cir. (Jud.C.) 1993) (rule of necessity permitted Judicial Council to decide judicial conduct proceeding where majority of council members were disqualified because they were respondents).

Having considered the petition and Mack's answer,[3] we grant the writ and order the district court to rescind its remand order.

### III

Neither the district court, nor petitioners in this court, have addressed the merits of Mack's lawsuit. Petitioners have sought only that the case be reinstated on the district court's docket. On remand the district court will have to address the merits of Mack's claims. Consistent with our interpretations of *Support Systems* the district court should permit Mack to file a response to any motion made by the defendants which could result in a final judgment. The panel decision in *Support Systems* clearly prohibits Mack from initiating complaints, petitions, or motions until he complies with the court's sanction order.

The petition for writ of mandamus, motion for change of venue, and request for production of documents Mack has sought to file in this court, and any similar documents he might seek to file in the district court, should be returned to Mack in accordance with the sanction order in *Support Systems*.

IT IS SO ORDERED.

---

**3.** Pursuant to Fed.R.App.P. 21(b) the district judge also was notified and given an opportunity to respond.