# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-2648

SHANNON CRUTHIS,

*Plaintiff-Appellee,*

v.

METROPOLITAN LIFE INSURANCE COMPANY,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 03 C 139—**Michael J. Reagan**, *Judge.*

———————

ARGUED JANUARY 7, 2004—DECIDED FEBRUARY 2, 2004

———————

Before FLAUM, *Chief Judge*, and MANION and EVANS, *Circuit Judges.*

FLAUM, *Chief Judge.* Metropolitan Life Insurance Company ("MetLife") appeals the district court's remand of this ERISA case to Illinois state court, and argues that the case should be heard in federal court. For the reasons stated herein, we reverse.

## I. BACKGROUND

Shannon Cruthis alleges that she became disabled in 2001. She therefore sought to recover the benefits she be-

lieved were due under the terms of her employee benefit plan. However, her insurer, MetLife, refused to pay the benefits.

Cruthis subsequently filed suit against MetLife in Illinois state court, alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 (1974) ("ERISA"). MetLife removed the action to the United States District Court for the Southern District of Illinois on the basis of federal question jurisdiction, and Cruthis then filed a motion to remand the case back to the state court. The district court granted the motion to remand in April 2003. MetLife now appeals the remand order.

The district court's remand order was based upon what it considered to be a forum selection clause in the summary plan description of the employee welfare benefit plan provided to Cruthis by MetLife. The clause stated:

### STATEMENT OF ERISA RIGHTS

The following statement is required by federal law and regulation . . . . Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request materials from the Plan and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the Plan administrator to provide the materials and pay you up to $110.00 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator. If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court.

MetLife argues that this statement is not a forum selection clause, but is rather a disclosure of the employee's rights that is mandated by ERISA.

## II. DISCUSSION

State and federal courts have concurrent jurisdiction over ERISA claims brought by employees to recover benefits, enforce rights, or clarify rights under employee benefit plans. *See* 29 U.S.C. § 1132(e)(1). Therefore, Cruthis's suit to recover benefits from her employee benefit plan is the type of suit that may be filed in either state or federal court. It is also the type of suit that typically could be removed from state court to federal court at the defendant's behest. *See* 28 U.S.C. § 1441(a) (stating that defendants may remove civil actions filed in state court to federal district court if the district court had original jurisdiction over the cause of action). However, Cruthis argues that MetLife waived its right to remove the case to federal court by stating within the summary plan description that Cruthis had the right to file suit in state or federal court. We disagree and hold that the phrase, "you may file suit in a state or federal court" is a statutorily mandated disclosure of ERISA rights rather than a forum selection clause.[1]

Forum selection clauses, like all other contractual provisions, will be upheld if they are a freely negotiated part of the contract between the parties. *See AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 525 (7th Cir. 2001). In this case, there is no evidence that MetLife's statement of ERISA rights was freely negotiated or part of the contract between the parties. Rather, all of the evidence shows that MetLife was merely complying with federal law by inform-

---

[1] As a preliminary matter, we note that although a district court's remand order that is based on the absence of jurisdiction is not reviewable by an appellate court, a remand that is based on the interpretation of a forum selection clause may be reviewed. *See Autoridad de Energia Electrica de Puerto Rico v. Ericsson, Inc.*, 201 F.3d 15, 16 (1st Cir. 2000); *see also Matter of Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996).

ing Cruthis of her right under ERISA to initiate suit in either state or federal court.

Under ERISA, plan providers must notify employees of the remedies available to them if they are denied benefits. Specifically, ERISA provides that the "summary plan description shall contain the . . . remedies available under the plan for the redress of claims which are denied in whole or in part." *See* 29 U.S.C. § 1022(b). The Code of Federal Regulations sets forth a "model statement" for plan drafters to use to ensure that their summary plan descriptions comply with ERISA's disclosure requirements. One section of the model statement reads: "If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or Federal court." *See* 29 C.F.R. § 2520.102-3(t)(2).

We conclude that MetLife's statement clearly was made to comply with ERISA's disclosure requirements. Significantly, MetLife copied the model statement quoted above verbatim. Moreover, there is no evidence that the statement was intended to be part of the contract between the parties. The clause began with the capitalized title "STATEMENT OF ERISA RIGHTS" and the first sentence states that "[t]he following statement is required by federal law and regulation." The statement further specified that "[u]nder ERISA, there are steps you can take to enforce the above rights." Thus, the plain language of the statement indicates that it is a disclosure of applicable law rather than a substantive contract provision.

Furthermore, there is no evidence that the drafters of ERISA intended this disclosure statement to act as a substantive contract provision and eliminate the right of removal provided by 28 U.S.C. § 1441(a). "ERISA contains no express provision against removal," and there "is also no indication in ERISA's legislative history that Congress intended to prevent removal of employee actions filed in

state courts." *See Clorox Co. v. U.S. Dist. Court for the Northern Dist. of California*, 779 F.2d 517, 521 (9th Cir. 1985) (holding that the phrase, "you may file suit in a state or federal court" should be interpreted as a statutorily required disclosure rather than a forum selection clause). If this Court interprets the phrase, "you may file suit in a state or federal court" as a waiver of the right to remove, it would result in the virtual elimination of removal in ERISA cases because every employer covered by ERISA is required to make such a disclosure.

Moreover, the language in the disclosure statement does not compel a finding of waiver. The right to file suit in a particular forum is not equivalent to the right to avoid removal from that forum. Cruthis was granted the right to file suit in either state or federal court, and she exercised that right. This is not inconsistent with MetLife's power to remove the case to federal court once it has been filed.

For these reasons, we join the several courts that have addressed this issue by holding that the phrase, "you may file suit in a state or federal court" is a statutorily required disclosure of an employee's ERISA rights rather than a forum selection clause. *See, e.g.*, *Clorox Co. v. U.S. Dist. Court for the Northern Dist. of California*, 779 F.2d 517, 521 (9th Cir. 1985); *Fanney v. Trigon Ins. Co.*, 11 F. Supp. 2d 829, 831 (E.D. Va. 1998); *Yurcik v. Sheet Metal Workers' Int'l Ass'n*, 889 F. Supp. 706, 707 (S.D.N.Y. 1995); *Satterfield v. Fortis Benefits Ins. Co.*, 225 F. Supp. 2d 1319, 1321-22 (M.D. Ala. 2002). The district court's finding that this statement was a forum selection clause is therefore reversed.

## III. CONCLUSION

For the foregoing reasons, we REVERSE the decision of the district court and REMAND this case for further proceedings consistent with this opinion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*