**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2084
_____

MARK L. JUSTMAN, Individually and as Executor of the
Estate of Karen A. Justman,
                                                    Appellant

v.

ACCENTURE LLP; PRUDENTIAL INSURANCE
COMPANY OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:24-cv-04107)
District Judge: Honorable Gail A. Weilheimer
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 8, 2026

Before: HARDIMAN, BOVE, and FISHER, *Circuit Judges*.

(Filed: June 17, 2026)

———————

OPINION OF THE COURT

———————

HARDIMAN, *Circuit Judge*.

This appeal arises under the Employee Retirement Income Security Act of 1974 (ERISA). Appellant Mark Justman sued his late wife's employer, Accenture LLP, for denial of life insurance benefits. But Accenture had no authority over benefit determinations. So it was not a proper defendant for Justman's wrongful denial of benefits claim under ERISA § 502(a)(1)(B). We will therefore affirm the District Court's order dismissing Justman's Second Amended Complaint.

I

Karen A. Justman became ill after eating raw oysters and died a week later from septic shock caused by vibrio vulnificus bacterium. At the time of her untimely death in August 2021, Ms. Justman worked for Accenture LLP in the contract management section and was enrolled in a life insurance plan offered by the company. Her plan included "basic" accidental life insurance coverage equal to her salary and additional "optional" accidental death and dismemberment (AD&D) coverage of three times her salary. Ms. Justman designated her husband Mark as the beneficiary.

Accenture prepared a summary plan description (SPD) of its life insurance and AD&D plans. The 2020 and 2021 SPDs identified Accenture as the Plan Administrator. The Claims Administrators for those years were MetLife (2020)

and Prudential Insurance Company of America (2021). Both SPDs explained that the basic life insurance and optional AD&D plans "pay benefits to your beneficiary (ies) if you die or are seriously injured while covered by the plans." App. 77, 94. The SPDs further explained that "[i]f you die as a result of an accident, *as determined by the Claims Administrator*, your beneficiary will receive" benefits from the basic life insurance and optional AD&D plans. App. 77, 94 (emphasis added). According to the SPDs, benefits would "be paid only if the Plan Administrator and/or Claims Administrator decide in its discretion that the claimant is entitled to them." App. 75, 92.

The SPDs also delineated the roles of the Plan and Claims Administrators. As Plan Administrator, Accenture was "responsible for formulating and carrying out all rules and regulations necessary to administer the Plan and ha[d] the sole discretionary authority to make decisions regarding eligibility of employees and participants in each Plan." App. 75, 92. In 2021, the year at issue, Accenture designated Prudential as Claims Administrator and "delegated" to it "the discretionary authority to make decisions regarding the interpretation or application of Plan provisions" and "to determine all questions, including factual determinations, as to the rights and benefits of employees and participants under each Plan." App. 92.

Consistent with that arrangement, Justman submitted a claim for both basic accidental and optional accidental life insurance benefits to Prudential. The claim was denied because Ms. Justman died of a "medical illness and/or sickness" and not an "Accidental Injury . . . as the direct result of an Accident." App. 121. Justman pursued an administrative appeal through Prudential's internal process but fared no better.

3

Justman then sued Prudential and Accenture in the District Court. Prudential settled out, so only the claims against Accenture are pertinent to this appeal. As relevant here, Justman alleged that Accenture wrongly denied his benefits claim under ERISA § 502(a)(1) and breached its fiduciary duties to his wife by failing to furnish her with the SPDs.

The District Court dismissed Justman's claims without prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure. According to the District Court, Justman did not state a claim for wrongful denial of benefits under ERISA § 502(a)(1) because he did not allege facts demonstrating that "Accenture controlled the claims administration of benefits." *Justman v. Accenture LLP*, 2024 WL 4631646, at *7 (E.D. Pa. Oct. 30, 2024). It also held that Justman failed to state a plausible claim for breach of fiduciary duty under ERISA §§ 502(a)(2) or (a)(3). He alleged that Accenture provided the 2020 SPD to Ms. Justman and "may or may not have" provided the 2021 SPD to her, but did not explain how that allegation constituted a breach of fiduciary duty. App. 267.

After receiving the District Court's dismissal order, Justman filed an amended complaint alleging that he had no record of Ms. Justman receiving the 2021 SPD and that Accenture either failed to provide it to her or wrongly supplied the 2020 SPD instead. The District Court again dismissed his claims, holding that Justman pleaded no facts connecting Accenture to his benefits denial, and that his breach of fiduciary duty claim based on the failure to furnish the proper SPDs was conclusory. The Court also ordered Accenture to provide certifications regarding "dates and means of disclosing the 2020 and 2021 [SPDs]" to Justman's late wife "so as to allow" Justman to amend. App. 260. Accenture complied and produced that information.

4

Justman then moved to file a Second Amended Complaint. His proposed Second Amended Complaint alleged that Accenture never provided the 2020 or 2021 SPDs to his wife and that Prudential advised Accenture of its denial of his claim via a letter, attached to the complaint, that invited Accenture to call a 1-800 number if it had questions. He also added a request for equitable relief under ERISA § 502(a)(3).

The District Court denied leave to file the Second Amended Complaint. The wrongful denial of benefits claim failed because the letter from Prudential implied that Accenture was *not* involved in the claim decision. The Court also determined that Justman's SPD "allegations fail[ed] to state a claim for improper notice." App. 3 n.1. The proposed Second Amended Complaint was "devoid of any facts at all from which [the District Court] could conclude or reasonably infer as to either SPD" that the statutory deadline to provide them to Justman's wife had passed. *Id.* Justman moved for reconsideration, but the District Court denied that motion too.

Justman timely appealed the Court's order denying leave to file a Second Amended Complaint, denying his motion for reconsideration, and dismissing his case with prejudice.

II[1]

Justman's ERISA claims against Accenture fall into two

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f). We have jurisdiction under 28 U.S.C. § 1291.

We review denial of leave to amend a complaint for failure to state claim de novo. *Mullin v. Balicki*, 875 F.3d 140, 150 (3d

categories: (1) the benefit denial claim; and (2) the SPD claim. Neither claim is plausible. Because further amendment would be futile, the District Court did not err in denying Justman's motion for leave to file his Second Amended Complaint. *See Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017).

A

ERISA § 502(a)(1)(B) creates a cause of action for "a participant or beneficiary" to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "The statute plainly spells out who may bring this claim—a plan 'participant' or 'beneficiary'—but it does not specify who may be sued." *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 913 (7th Cir. 2013).

Justman argues that Accenture is a proper defendant for his denial of benefits claim because it had the authority to make benefits determinations (rather than, or in addition to, Prudential). But a plausible suit for "benefits due" must be brought against a party with an obligation to pay. *See* 29 U.S.C. § 1132(a)(1)(B). Sometimes that will be the plan, and sometimes that will be the insurance company that adjudicates claims. The latter is the case here: "Prudential must be given written proof of the loss including any requested documentation," and benefits will be paid "when Prudential

Cir. 2017). We review dismissal of a complaint with prejudice for abuse of discretion. *Cook v. GameStop, Inc.*, 148 F.4th 153, 157 (3d Cir. 2025). We review denial of a motion for reconsideration for abuse of discretion. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

receives written proof of the loss." App. 66. The plan does not confer Accenture any authority over claims administration, and Justman does not provide evidence plausibly suggesting otherwise. So Accenture is not a proper defendant for his denial of benefits claim, and the District Court was right to dismiss under Rule 12(b)(6).

In holding that the proper defendant in an ERISA § 502(a)(1)(B) claim is one who controls benefits determinations, we align ourselves with five other circuits. *See, e.g.*, *Larson*, 723 F.3d at 913; *Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079, 1081, 1088 (8th Cir. 2009); *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006); *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1333–34 (11th Cir. 2006); *Musmeci v. Schwegmann Giant Super Mkts., Inc.*, 332 F.3d 339, 349 (5th Cir. 2003). Two other circuits have explained that those who exercise control over benefit determinations are the appropriate defendants in ERISA § 502(a)(1)(B) claims, and their reasoning also supports our conclusion here. *See New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 132 (2d Cir. 2015); *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1205–07 (9th Cir. 2011) (en banc). Our holding also tracks a previous panel decision in our Court, *Evans v. Emp. Benefit Plan, Camp Dresser & McKee, Inc.*, 311 F. App'x 556 (3d Cir. 2009), which explained that "[e]xercising control over the administration of benefits is the defining feature of the proper defendant" in ERISA § 502(a)(1)(B) claims. *Id.* at 558.

The District Court provided Justman the opportunity to re-plead facts that supported his theory that Accenture was involved in the claim decision after Justman had the chance to review the administrative record. But Justman's Second

7

Amended Complaint highlighted only a single document from that record: an April 26, 2022 letter from Prudential to Accenture noting the AD&D claim denial and offering a 1-800 number to call if Accenture had questions. This addition to Justman's pleading, however, did not plausibly allege any involvement by Accenture in the AD&D claim decision. As the District Court observed, if anything, the letter confirmed that Prudential, not Accenture, called the shots: Prudential made the benefits determination, and Accenture could follow up if it had questions.

Justman also argues that Accenture retained authority to make benefit determinations based on language in the SPDs that states "[b]enefits under the Plans will be paid only if the Plan Administrator and/or Claims Administrator decide in its discretion that the claimant is entitled to them." App. 75, 92. But to the extent Justman relies on the 2020 and 2021 SPDs, they are not the terms of the plan. As the Supreme Court explained in *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), SPDs "provide communication with beneficiaries *about* the plan, but . . . their statements do not themselves constitute the *terms* of the plan for purposes of [ERISA] § 502(a)(1)(B)." *Id.* at 438.

Moreover, the SPD language Justman highlights shows only that, depending on the issue at hand, either Accenture or Prudential may have a particular plan responsibility. More detailed language on that same page later states: "Plan Administrator [Accenture] has delegated authority to the Prudential Insurance Company of America to provide claim processing, claim investigation, claim control, and the daily administration of the plan." App. 92. These two provisions are not inconsistent. Accenture has authority for limited issues like eligibility (*i.e.*, who is covered by the plan). *See id.*

8

("Accenture is responsible for formulating and carrying out all rules and regulations necessary to administer the Plan and has sole discretionary authority to make decisions regarding eligibility of employees and participants in each Plan."). But the language in the Group Policy and SPDs consistently states that Prudential is the Claims Administrator and has authority to process and decide claims.

Because Accenture delegated claims administration duties to Prudential, Prudential was the proper defendant for Justman's denial of benefits claim. Justman therefore has no ERISA § 502(a)(1)(B) claim against Accenture, and the District Court did not err in dismissing the case with prejudice or in denying him leave to amend.

B

Justman's SPD claim fares no better. Whether construed as a failure to provide required plan documents claim under ERISA § 104(b)(1) or a breach of fiduciary duty claim under ERISA § 404, Justman's Second Amended Complaint failed to plausibly state a claim upon which relief could be granted.

1

ERISA § 104(b)(1) specifies that plans must provide participants and beneficiaries with an SPD within 90 days of enrollment. 29 U.S.C. § 1024(b)(1)(A). And ERISA § 102 specifies that SPDs must "be written in a manner calculated to be understood by the average plan participant" and "reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." *Id.* § 1022(a). If the plan is amended, the plan administrator must furnish an updated SPD

9

every five years. *Id.*[2] But if the plan amendment involves a "modification or change" described in ERISA § 102, such as "the name and address of the administrator," the administrator must furnish an updated SPD "not later than 210 days after the end of the plan year in which the change is adopted." 29 U.S.C. §§ 1022, 1024(b)(1). On the other hand, if the "modification or change" involves "a material reduction in covered services or benefits provided under a group health plan," the updated SPD must be furnished "not later than 60 days after the date of the adoption." *Id.* § 1024(b)(1).[3]

Justman did not plead facts that would support a claim against Accenture under ERISA § 104(b)(1) for failure to provide an SPD. His Second Amended Complaint does not indicate whether his wife received an SPD when she started employment at Accenture, when the five-year deadline arose for Accenture to provide her another SPD, or if a material modification occurred in either 2020 or 2021. And even if the change from MetLife to Prudential on January 1, 2021 was a material modification, assuming the plan year ran with the calendar year, the notice of that change in an updated SPD

---

[2] When no amendments have been made, the administrator must furnish an updated SPD every ten years. 29 U.S.C. § 1024(b)(1).

[3] ERISA § 104(b)(4) requires plans to provide SPDs and other ERISA documents to plan participants at their request. 29 U.S.C. § 1024(b)(4). And ERISA § 502(c)(1) permits liability against an administrator for failure to provide certain plan documents. 29 U.S.C. § 1132(c). But Justman does not allege his wife requested the 2020 or 2021 SPDs, so ERISA § 104(b)(4) is not relevant here.

would not have been due until July 2022. *See* 29 U.S.C. § 1024(b)(1). But Ms. Justman died on August 28, 2021, long before that due date.[4] So the District Court did not err in denying Justman leave to amend his SPD claim a second time.

2

Justman's SPD allegations do not state a claim for a breach of fiduciary duty either. Justman alleges that Accenture breached its fiduciary duties as Plan Administrator for its purported failure to provide Ms. Justman with the correct SPDs.[5] A breach of fiduciary duty claim under ERISA § 404

---

[4] The District Court's order stated that 270 days after the end of the plan year was the relevant deadline. As should be evident, this was a misstatement of ERISA § 104(b)'s timing requirements; the statute specifies 210 days. 29 U.S.C. § 1024(b).

The Court also measured incorrectly from January 1, 2020 to determine when notice of a material change was due. Prudential took over AD&D benefits from another insurer as of January 1, 2021. Assuming a calendar year plan year, the notice of that change in an updated SPD would have been due on July 29, 2022, not September 27, 2022. Nevertheless, the Court was correct to conclude that Justman had not pleaded facts that, if true, would have established that notice was due to Ms. Justman before her death under the statute.

[5] Somewhat confusingly, Justman invokes ERISA § 502(a)(3), which allows a participant, beneficiary, or fiduciary "to obtain other appropriate equitable relief" to redress violations of the plan or ERISA generally. 29 U.S.C. § 1132(a)(3). But the legal standard he recites originates from ERISA § 404, which

requires that the plaintiff establish: "(1) the defendant was acting in a fiduciary capacity; (2) the defendant made affirmative misrepresentations or failed to adequately inform plan participants and beneficiaries; (3) the misrepresentation or inadequate disclosure was material; and (4) the plaintiff detrimentally relied on the misrepresentation or inadequate disclosure." *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 579 F.3d 220, 228–29 (3d Cir. 2009) (citation modified); *see also* 29 U.S.C. § 1104(a)(1). Justman did not allege that Accenture's failure to provide his late wife with the relevant SPDs deprived her of any information, or even if it had, how that deprivation was material. Nor did Justman show that he relied on the 2020 or 2021 SPDs: he did not allege the SPDs helped or harmed his claim with Prudential, or that either he or Prudential relied on them in their AD&D claim dispute. Indeed, even without receiving the SPDs, Justman managed to file an insurance claim with Prudential.[6]

Justman contends that detrimental reliance is not required for ERISA § 404 "misrepresentation claims in which" the plaintiff seeks plan "reformation and surcharge" under ERISA § 502(a)(3). Justman Br. 24. He says he needs to show only actual harm. Even so, Justman's claim still fails; he does not satisfy the other elements. In any case, Justman did not

outlines a plan's fiduciary duties. We will assess Justman's claim under that standard.

[6] Justman argues he suffered "harm" because the AD&D benefits were not paid. Justman Br. 26. This "harm" is not related to the SPDs because, as noted above, Justman does not claim anyone relied on the SPDs in the AD&D claim dispute with Prudential.

12

allege any harm, let alone actual harm stemming from Accenture's alleged failure to provide Ms. Justman with the 2020 or 2021 SPD.

## III

Justman's remaining arguments lack merit. He first argues that the District Court abused its discretion in denying his motion for reconsideration. But Justman's motion failed to identify an intervening change in law, new evidence uncovered since the denial of leave to file the Second Amended Complaint, or the need to correct a clear error of law or prevent manifest injustice. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *Herrera v. Agents of Pennsylvania Bd. of Prob. & Parole*, 132 F.4th 248, 254 n.5 (3d Cir. 2025). So the District Court properly denied his motion to reconsider (and certainly did not abuse its discretion).

Similarly, Justman contends that the District Court abused its discretion in dismissing his claims with prejudice. But as explained above, Justman's claims were not plausibly pleaded. Because further amendment would be futile, the District Court did not err. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

\* \* \*

For the stated reasons, we will affirm the District Court's orders denying leave to file a Second Amended Complaint, denying reconsideration, and dismissing with prejudice.

13

Roman J. Koropey
TIMONEY KNOX

 *Counsel for Appellant*

Nathan T. Boone
Danielle K. Herring
LITTLER MENDELSON

 *Counsel for Appellee Accenture LLP*